**Harry N. BAETJER et al., Defendants, Appellants,**

v.

**Matilde GARZOT FERNANDEZ et al., Plaintiffs, Appellees.**

**No. 6169.**

United States Court of Appeals
First Circuit.

March 31, 1964.

Victor House, Wallace Gonzalez Oliver, Pablo R. Cancio, and McConnell, Valdes & Kelley, San Juan, P. R., on brief for appellants.

Roberto J. Matos, San Juan, P. R., and Juan Nevarez Santiago, Santurce, P. R., on brief for appellees.

Before WOODBURY, Chief Judge, and MARIS * and ALDRICH, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of Puerto Rico appointing an appraiser to determine and report the increase in value of a dominant tenement as a result of railroad roadbeds on appertinent rights of way over servient tenements, see the opinion of this court on a previous appeal in this protracted litigation, Baetjer v. Garzot, 136 F.2d 453 (C.A.1, 1943), and from the denial by the court below of a petition for reconsideration of that order. This court's appellate jurisdiction is asserted under Title 28 U.S.C. § 1291 authorizing appeals to the courts of appeals from "final decisions" of the district courts of the United States.[1]

■■ "Finality as a condition of review is an historic characteristic of federal appellate procedure." Cobbledick v. United States, 309 U.S. 323, 324, 60 S. Ct. 540, 541, 84 L.Ed. 783 (1940). And in 1883 the Supreme Court stated the rule that a decision is final for the purposes of appeal "when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined." St. Louis, I. M. & S. R. R. v. Southern Express Co., 108 U.S. 24, 28–29, 2 S.Ct. 6, 8, 27 L.Ed. 638 (1883). This is the rule for the courts of appeals. Berman v. United States, 302 U.S. 211, 213, 58 S.Ct. 164, 82 L.Ed. 204 (1937); Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). This court, of course, adheres to the rule. See Parker v. United States, 153 F.2d 66, 69, 163 A.L.R. 379 (C.A.1, 1946). Indeed, in a comparable situation this court characterized a district court order determining liability but letting the case stand for determination of the amount thereof as an "obviously unappealable interlocutory order." International Brotherhood, etc. v. W. L. Mead, Inc., 230 F.2d 576, 579 (C.A.1, 1956). See also Taylor v. Board of Education, etc., 288 F.2d 600, 602 (C.A.2, 1961), in which the court discussed the rule and said: "An order adjudging liability but leaving the quantum of relief still to be determined has been a classic example

---

* Sitting by designation.

1. Section 119 of Title 28 U.S.C. constitutes Puerto Rico one judicial district, § 132 (a), id., provides that in each judicial district there shall be a court of record known as the United States District Court for the district, § 1294(1), id., provides that appeals from reviewable decisions of the district courts shall be taken to the court of appeals for the circuit embracing the district, and § 41, id., places Puerto Rico in the First Circuit.

of non-finality and non-appealability from the time of Chief Justice Marshall to our own."

An order will be entered dismissing this appeal for lack of appellate jurisdiction.