575 F.2d 335
 Rafael GARZARO et al., Plaintiffs, Appellees,
v.
The UNIVERSITY OF PUERTO RICO et al., Defendants, Appellees,
Wilfredo Miranda Irlanda, and Mercedes Sarraga de Sampayo,
Defendants, Appellants.
Rafael GARZARO et al., Plaintiffs, Appellees,
v.
The UNIVERSITY OF PUERTO RICO et al., Defendants, Appellants.
 Nos. 77-1304, 77-1305.
 United States Court of Appeals,
First Circuit.
 Argued Feb. 13, 1978.
Decided May 17, 1978.
 
 Eli B. Arroyo, Old San Juan, P.R., with whom Geigel, Silva, Soler-Favale & Arroyo, Old San Juan, P.R., was on brief, for defendants, appellants.
 Cesar A. Hernandez Colon, Ponce, P.R., with whom Lugo Bougal & Vazquez-Mares, Hato Rey, P.R., was on brief, for plaintiffs, appellees.
 Before COFFIN, Chief Judge, MOORE* and CAMPBELL, Circuit Judges.
 LEVIN H. CAMPBELL, Circuit Judge.
 
 
 1
 Rafael Garzaro and his wife, Maria A. Garcia de Garzaro, both professors at the University of Puerto Rico, Rio Piedras Campus, are plaintiffs in a civil rights action which is still pending in the district court against Mercedes Sarraga de Sampayo, the Director of the Humanities Department at the University; and Dr. Wilfredo Miranda Irlanda, the Dean of General Studies. Plaintiffs allege that the defendants[1] violated their constitutional rights by arbitrarily terminating Mrs. Garzaro's assignment to teach two extra course sections, which had provided her with additional compensation. Allegedly they acted in retaliation for Rafael Garzaro's criticism of the appointment of Miranda Irlanda as Dean of General Studies at the University.
 
 
 2
 Soon after suit was brought, defendants were defaulted for failure to file a timely answer and otherwise to comply with a pre-trial order of the district court. Thereafter, without holding a trial, the court ruled in favor of plaintiffs, taking as proven the facts alleged in the complaint and in certain submitted documents. The court's rulings are embodied in the following order from which this appeal is taken:
 
 
 3
 "Defendant Wilfredo Miranda Irlanda is hereby found to be personally liable to plaintiffs Rafael Garzaro and Maria A. Garcia de Garzaro. Defendant Mercedes Sarraga de Sampayo is found to be personally liable to plaintiff Maria A. Garcia de Garzaro.
 
 
 4
 "Injunctive remedy is hereby issued and we thus order defendants, in their official capacity, to grant plaintiffs all the rights and privileges to which they are entitled as tenured professors in the University of Puerto Rico, and to abstain from further hindering plaintiffs in the exercise of their constitutionally protected rights.
 
 
 5
 "In order to determine the amount and nature of the damages suffered by plaintiffs herein, we hereby refer the case to the Honorable U.S. Magistrate for the holding of a hearing after which he shall submit his findings and recommendations for this Court's approval."
 
 
 6
 The above order, which leaves open the monetary liability of defendants, is not a "final" order such as to confer appellate jurisdiction upon this court under 28 U.S.C. § 1291. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 744, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); Williams v. Ezell, 531 F.2d 1261 (5th Cir. 1976); Wrist-Rocket Mfg. Co., Inc. v. Saunders Archery Co., 516 F.2d 846, 849 (8th Cir.), cert. denied, 423 U.S. 870, 96 S.Ct. 134, 46 L.Ed.2d 100 (1975); Western Geophysical Co. of America, Inc. v. Bolt Associates, Inc., 463 F.2d 101 (2d Cir.), cert. denied, 409 U.S. 1040, 93 S.Ct. 523, 34 L.Ed.2d 489 (1972); Haverhill Gazette v. Union Leader, 333 F.2d 798 (1st Cir.), cert. denied, 379 U.S. 931, 85 S.Ct. 329, 13 L.Ed.2d 343 (1964); Baetjer v. Garzot Fernandez, 329 F.2d 798 (1st Cir. 1964) (per curiam); International Brotherhood of Teamsters, Local 25 v. W. L. Mead, Inc., 230 F.2d 576, 579 (1st Cir. 1956), appeal dismissed per stipulation, 352 U.S. 802, 77 S.Ct. 21, 1 L.Ed.2d 37 (1956); see Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945); 9 Moore's Federal Practice P 110.11, at 138 (1975). As the order being appealed from is not "final," our appellate jurisdiction can only rest upon such review power as Congress has conferred with respect to the injunction in the middle paragraph. Courts of appeals are granted jurisdiction by 28 U.S.C. § 1292(a)(1), over "appeals from: (1) Interlocutory orders of the district courts . . . granting . . . injunctions . . . ." Under § 1292, however, appellate courts may only review "that part of such (interlocutory) judgments as have to do with the injunctive relief afforded," Loew's Drive-In Theatres, Inc. v. Park-In Theatres, Inc., 174 F.2d 547, 550 (1st Cir.), cert. denied, 338 U.S. 822, 70 S.Ct. 68, 94 L.Ed. 499 (1949); see Pauls v. Sec'y of Air Force, 457 F.2d 294, 298 (1st Cir. 1972).
 
 
 7
 The interlocutory injunction in the instant case directs no particularized action by the defendants. It does not order them, for example, to restore Mrs. Garzaro to any teaching assignments. Rather it simply directs defendants to grant to plaintiffs and refrain from hindering them in the exercise of such rights as they are entitled to. Such an order could have been entered specifically as a preliminary "protective order" to discourage any retaliatory acts against the plaintiffs pendente lite. Here, however, the court entered it after making what it apparently considered to be a final determination of liability, though before assessment of damages and entry of any appealable final judgment. While "interlocutory" in the sense that it may still be altered or terminated by the district court at any time prior to the entry of final judgment the injunction is evidently not just meant to last for the duration of the lawsuit, but seems likely to be incorporated in the final judgment, when entered, as a "permanent" injunction. At least, this seems to have been the district court's intention when it acted although, as noted, the order may still be changed.
 
 
 8
 We are left with something of a dilemma in determining the scope of appellate review at this time. Had the interlocutory injunction been a "preliminary" injunction it would have been reviewable in terms of whether the district court had committed an abuse of discretion, the touchstone being whether plaintiffs had demonstrated a reasonable probability of success on the merits, and whether the equities of the situation, often described in terms of irreparable harm, had favored interim injunctive relief. Cf. Essex County Preservation Ass'n v. Campbell, 536 F.2d 956, 962-63 (1st Cir. 1976). Appellate review in such circumstances may not take an appellate court very deeply into the underlying merits of the case if the equities plainly support some form of temporary protection.
 
 
 9
 On the other hand, the present injunction is not really preliminary. The lower court has apparently gone as far as it means to go in considering liability. Since the record is presumably as complete as it will ever be, we could, if otherwise warranted, go fully into the merits of the case even though the injunction is technically interlocutory. The parties apparently expect us to do so here. They have argued and briefed the procedural and constitutional merits of the case. Indeed, there was no awareness, until we raised the matter, that the order appealed from was merely interlocutory.
 
 
 10
 But while we doubtless could now proceed to decide this case on its merits, on the theory that we should confront the merits in order to consider "the propriety of the premise upon which the injunction issued," Devex Corp. v. Houdaille Industries, Inc., 382 F.2d 17, 20 (7th Cir. 1967), we decline to do so. Rather we think it more suitable to regard the injunction as a purely interlocutory matter, and since viewed in that light it was not an abuse of discretion, see infra to affirm it, and await the appeal, if any, from the final judgment, before dealing definitively with the difficult constitutional issues underlying this case. We adopt this course for several reasons.
 
 
 11
 First, to use our limited appellate jurisdiction over this rather innocuous interlocutory injunction as the basis for full-dress consideration is to encourage piecemeal appellate review contrary to deeply-rooted policies. See Catlin v. United States, 324 U.S. 229, 233-34, 65 S.Ct. 631, 89 L.Ed. 911 (1945); Cobbledick v. United States, 309 U.S. 323, 324-25, 60 S.Ct. 540, 84 L.Ed. 783 (1940), cf. United States v. MacDonald, --- U.S. ----, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978). Whatever can be said for departures from this policy in specialized contexts, see, e. g., W. L. Gore & Assoc., Inc. v. Carlisle Corp., 529 F.2d 614 (3d Cir. 1976) (patent-antitrust case), we see no reason to fragment review of cases of the present nature. To be sure, a party subjected to an interlocutory injunction is entitled to appeal, and we will grant relief if the injunction is oppressive or otherwise improper. That is the purpose of § 1292 to allow prompt relief in such situations. See Liberty Mutual Insurance Co. v. Wetzel, supra, 424 U.S. at 745-46, 96 S.Ct. 1202; United States v. Cities Service Co., 410 F.2d 662, 664 (1st Cir. 1969); see generally 9 Moore's Federal Practice, supra P P 110.06, 110.07, 110.16. But § 1292 was not intended as a means of circumventing the policy against piecemeal review. In the present case, the objects of § 1292 are fully served by reviewing the injunction under the standard applied to preliminary injunctions. The merits are best decided when appeal is taken from the final judgment, which by then will include both any award of damages and whatever injunction (which may but need not necessarily be the present one) the court determines.
 
 
 12
 Second, the strength or weakness of Rafael Garzaro's first amendment claim based upon alleged retaliation against his wife may well be affected by the Supreme Court's decision in Givhan v. Western Line Consolidated School District, 555 F.2d 1309 (5th Cir.), cert. granted, --- U.S. ----, 98 S.Ct. 1575, 55 L.Ed.2d 799 (1978). The law is still developing in this area, and we think it preferable for us not to act hastily at this time but to await a later appeal by which time the applicable legal standard may be clearer.
 
 
 13
 Third, and related to the foregoing, is the possibility that the hearing on damages will add to the record in some way that sheds further light on the difficult and close constitutional issues in this case. The case was resolved below after entry of a default, without an evidentiary hearing, thus presenting an unusually sparse record.
 
 
 14
 Construing thus narrowly our appellate jurisdiction, we see no reason presently to overturn the interlocutory injunction in issue. We find little merit in defendants' insistence that the default was improperly entered. See Affanato v. Merrill Bros., 547 F.2d 138, 140-41 (1st Cir. 1977); Luis C. Forteza e Hijos, Inc. v. Mills, 534 F.2d 415, 419 (1st Cir. 1976). Given the nature of the injunction, and the fact that plaintiffs' claims are, if by no means sure to prevail, at least reasonably substantial, the injunction was not an abuse of discretion. Compare Pauls v. Sec'y of Air Force, supra, 457 F.2d at 298-99. It is therefore affirmed, without prejudice to defendants' right in an appeal from the final judgment in this case to challenge any permanent injunctive relief that may be included.
 
 
 15
 So ordered.
 
 
 
 *
 Of the Second Circuit, sitting by designation
 
 
 [1]
 Plaintiffs also named as defendants the University of Puerto Rico, Rio Piedras Campus, and the Director of the University's Department of Social Sciences, Arturo Colon Romero. The district court dismissed the Garzaros' action against the University and absolved Colon Romero of liability. Despite duplicative filing of notices of appeal (which resulted in this court's docketing separate appeals, Nos. 77-1304, -1305), those dispositions are not now contested. We therefore refer only to Dean Miranda Irlanda and Mrs. Sarraga de Sampayo as "defendants," and enter identical orders in Nos. 77-1304, -1305