HAIN PURE FOOD CO., INC.,
Plaintiff-Appellee,

v.

SONA FOOD PRODUCTS COMPANY,
Defendant-Appellant.

No. 78–2329.

United States Court of Appeals,
Ninth Circuit.

March 24, 1980.

**522**

Francis A. Utecht, Fulwider, Patton, Rieber, Lee & Utecht, Long Beach, Cal., for defendant-appellant.

William L. Respess, Lyon & Lyon, Los Angeles, Cal., on brief; James W. Geriak Los Angeles, Cal., for plaintiff-appellee.

Before SNEED and FERGUSON, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

This case involves alleged trademark infringement by Sona Food Products Company ("Sona") arising from the label, trademark and trade dress used on various of its food products.

The district court entered a summary judgment which

1. granted a permanent injunction in favor of Hain Pure Food Co., Inc. ("Hain");

2. declared Sona liable for damages;

3. declared that Hain was entitled to an accounting for damages; and

4. denied Hain's request for attorney fees.

Sona appeals from that part of the summary judgment holding it liable for damages and Hain cross appeals for the denial of its attorney fees. Sona does not appeal from the granting of the permanent injunction.

The appeal must be dismissed because the court lacks jurisdiction. In holding that Hain was entitled to damages and an accounting for those damages, the court bifurcated the trial into the separate issues of liability and damages. Because the determination of liability, alone, is not a final judgment under the circumstances of this case, this court does not have jurisdiction pursuant to 28 U.S.C. § 1291. *See Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976); *Garzaro v. University of Puerto Rico*, 575 F.2d 335, 337 (1st Cir. 1978). *See also United States v. Burnett*, 262 F.2d 55, 59 (9th Cir. 1959). The parties have not called to our attention an applicable exception to this rule or any extraordinary circumstances which would permit this court to assume jurisdiction under § 1291.

Interlocutory appeals are permitted pursuant to 28 U.S.C. § 1292 but neither subsection of that section is applicable here. The trial court has not certified an interlocutory appeal pursuant to § 1292(b). Furthermore, § 1292(a)(1) pertaining to appeals from the granting of injunctions is not applicable because Sona is not appealing from that part of the summary judgment which permanently enjoins it from employing Hain's label, trademark or trade dress.

The district court's denial of Hain's request for attorney fees is likewise not a final judgment.

The appeal and cross appeal are DISMISSED.

* Honorable Russell E. Smith, Senior United States District Judge, District of Montana, sitting by designation.