726 F.2d 480
 The WAREHOUSE RESTAURANT, INC., and Burt H. Hixson,
Plaintiffs-Appellees,
v.
The CUSTOMS HOUSE RESTAURANT, INC., and Edward Engoron,
Defendants-Appellants.
The WAREHOUSE RESTAURANT, INC., a Calif. Corp., and Burt H.
Hixson, an individual, Plaintiffs-Appellants,
v.
The CUSTOMS HOUSE RESTAURANT, INC., a Calif. Corp.; The
Theodore Roosevelt Restaurant Corp., a Calif.
Corp.; and Edward D. Engoron, an
individual, Defendants-Appellees.
 Nos. 82-4636, 82-4663.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 13, 1983.
Decided Jan. 31, 1984.
 
 Milton Schlemmer, Nancy Martin, Flehr, Hohbach, Test, Albritton & Herbert, San Francisco, Cal., Thomas Small, Robert Schroeder, Fulwilder, Patton, Rieber, Lee & Utecht, Los Angeles, Cal., for plaintiffs-appellees.
 Laurence P. Wilson, Philip L. Pillsbury, Jr., Pillsbury & Wilson, San Francisco, Cal., for defendants-appellants.
 Appeal from the United States District Court for the Northern District of California.
 Before WALLACE, ALARCON and BOOCHEVER, Circuit Judges.
 WALLACE, Circuit Judge:
 
 
 1
 Customs House Restaurant and Edward Engoron (Customs House) appeal from a Lanham Act and service mark infringement judgment granted to Warehouse Restaurant and Burt Hixson (Warehouse). The district court found that Customs House's logo colorably imitated Warehouse's registered service mark in violation of 15 U.S.C. Sec. 1114(1) and that its use of dining booths encased in packing crates was a false designation of origin under 15 U.S.C. Sec. 1125(a). Warehouse cross-appealed because the district court deferred injunctive relief and failed to award further relief against copying with respect to other features of the restaurant's name and decor. Customs House also appealed the award of attorneys' fees under 15 U.S.C. Sec. 1117.
 
 
 2
 We dismiss for lack of jurisdiction because the district court's deferral of the dining booth injunction makes its judgment non-final and thus not within this court's purely statutory jurisdiction. 28 U.S.C. Secs. 1291, 1292. We may only review a final judgment, that is "one which ends the litigation ... and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945).
 
 
 3
 The district court did not finally decide all issues involved in this case and leave nothing but mere execution. The district court stated as to one issue:
 
 
 4
 IT IS FURTHER ORDERED that defendants and their officers, agents, servants, employees and assigns and all persons in active concert or participation with them are permanently enjoined from using in connection with the present Customs House Restaurant in Foster City, or in connection with any other restaurant now or to be owned, controlled, licensed or franchised by the defendants in the future, the particular item of interior decor heretofore described as the feature of dining booths actually encased in packing crates; provided, however, that defendants may continue to use that interior feature until plaintiffs' and defendants' restaurants, or their licensees or franchisees, come into direct competition, or are imminently about to come into direct competition, within the same regional restaurant service area. In such event, either party may upon ten (10) days' notice, move to reopen this case for further hearing upon the issue of likelihood of confusion as to the origin of the restaurant services based on such new circumstances.
 
 
 5
 District Court Op. at 19-20 (footnote omitted). Thus, liability for an injunction was found but no injunction was granted--the matter was held in abeyance, awaiting future events after which either party may move to reopen the proceedings. This is not a final determination.
 
 
 6
 In an analogous situation, we held that "the determination of liability, alone, is not a final judgment." Hain Pure Food Co., Inc. v. Sona Food Products Co., 618 F.2d 521, 522 (9th Cir.1980). Hain involved a summary judgment determination of only the trademark infringement liability issue. We held that the district court thereby bifurcated the trial into separate issues. Id. at 522. The only difference here is that the injunctive relief, rather than damages, was not yet granted. See also Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976) (partial summary judgment on liability for plaintiffs but injunction withheld; order not appealable as final); Beare v. Briscoe, 498 F.2d 244 (5th Cir.1974) (injunction withheld so that legislature could enact substitute of voting registration system found unconstitutional; order not appealable as final).
 
 
 7
 The order here does not come within one of the generally recognized exceptions to the rule. See 9 Moore's Federal Practice p 110.08 (2d ed. 1980).
 
 
 8
 Although we could construe this judgment as a denial by the district court of an injunction and thus subject to an interlocutory appeal, cf. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. at 744-45, 96 S.Ct. at 1206-07, no interlocutory appeal was taken. The lack of finality with respect to this one major issue affects the whole order's finality. That this latter issue is subject to an interlocutory appeal does not make that issue final, nor make the judgment in its entirety final.
 
 
 9
 The district court may take such necessary steps as will make the judgment final or enter an order pursuant to Federal Rule of Civil Procedure rule 54. If thereafter a party appeals, the record, briefs, and all papers filed in this appeal will be transferred to the new appeal and the case will be assigned to this panel.
 
 
 10
 APPEAL DISMISSED.
 
 
 11
 BOOCHEVER, Judge, dissenting.
 
 
 12
 The majority concludes that the district court's order is not final and therefore not appealable under 28 U.S.C. Sec. 1291. Inconsistently, it also concludes that the appeal is not from an interlocutory order appealable under 28 U.S.C. Sec. 1292(a)(1). I dissent because I believe it is appealable as a final order, but, if it is considered to be interlocutory, it is nevertheless appealable to the extent that it denies injunctive relief.
 
 
 13
 The district court's decision and order appears to be final. It left nothing further to be done barring certain contingencies which may very well never arise. The order enjoins the defendants from using the interior decor feature of dining booths encased in packing crates if, and only if, the restaurants come into direct competition in the same regional service area. No one knows whether the restaurants will ever come into direct competition. If they do not, there never will be a final order under the majority opinion.
 
 
 14
 The majority suggests we order the district judge to enter an order pursuant to Rule 54(b) Fed.R.Civ.P. We have no authority to issue such an order since its entry is discretionary with the trial judge. Illinois Tool Works, Inc. v. Brunsing, 378 F.2d 234, 236 (9th Cir.1967).
 
 
 15
 The distinction between this case and the cases discussed in the majority's opinion is that all action that could be taken by the district court at this time has been taken, and the possibility of future action involves contingencies which may never arise. Neither Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976), nor Hain Pure Food Co., Inc. v. Sona Food Products Co., 618 F.2d 521 (9th Cir.1980) involved such contingencies.
 
 
 16
 In Hain, the district court bifurcated the trial into separate issues of liability and damages. The defendant appealed the determination of liability alone. This court held that because the determination of liability alone is not a final judgment the court lacked jurisdiction. Here, there was no bifurcation of the trial. Customs House appealed from the order to the extent that it went against its interests. Warehouse appealed the denial of injunctive relief. The order is final.
 
 
 17
 In Wetzel, the district court found Title VII liability and granted injunctive relief. It, however, failed to detail the specifics of that relief. Instead, it requested that plaintiffs submit a proposed order of injunctive relief. Before that order was received, the defendant appealed and requested a stay of the injunction. The Supreme Court held that the order was not final and remanded for the district court to complete the specifics of the injunction. In contrast, here, the district court has nothing left to do. It denied injunctive relief under the facts as they existed at the time of trial.
 
 
 18
 In Knickerbocker Toy Co. v. Azrak-Hamway International, Inc., 668 F.2d 699 (2d Cir.1982), the Second Circuit had no difficulty reaching the merits of a case where the district court had left open the possibility of plaintiff later returning to court to seek damages if it obtained evidence that defendant in fact received orders from the advertising catalogue that allegedly violated the Lanham Act. Similarly, here, the district court merely recognized that the circumstances could change to warrant reopening the case. Where the circumstances permitting return to the district court may never arise, "[t]here is no better time to appeal than now." University Life Ins. Co. of America v. Unimarc Ltd., 699 F.2d 846, 850 (7th Cir.1983).
 
 
 19
 Since the possibility of future action by the district court involves contingencies that may never arise, judicial enforcement may never be sought. Thus, under the majority opinion there may never be an opportunity to appeal the judgment, including the portion of the judgment declaring a trademark infringement and California unfair competition violation. The defendants are left with an order to stop using their logo without any opportunity to appeal that order. I think that the judgment is final and that we should proceed to address the merits of this case.
 
 
 20
 If for any reason, the order is construed as not final, it follows that it is interlocutory. In that event, we must address Warehouse's interlocutory appeal of the denial of injunctive relief. 28 U.S.C. Sec. 1292(a)(1).