763 F.2d 135
 Bankr. L. Rep. P 70,572
In re Anthony R. MARTIN-TRIGONA, Debtor.
Antonio SCHLEHAN, Plaintiff-Appellee,
v.
OLYMPIC WORLDWIDE COMMUNICATIONS, INC., Defendant-Appellant,
Richard Belford, Trustee.
 No. 424, Docket 84-5057.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 16, 1985.
Decided June 3, 1985.
 
 Thomas D. Clifford, Hartford, Conn. (Skelley, Clifford, Vinkels, Williams & Rottner, P.C., Hartford, Conn., of counsel), for defendant-appellant.
 Leonard M. Rosenberg, New York City (Robson, Miller & Osserman, New York City, of counsel), for plaintiff-appellee.
 Before OAKES, CARDAMONE and PIERCE, Circuit Judges.
 CARDAMONE, Circuit Judge:
 
 
 1
 The subject of this appeal is a Fifth Avenue condominium in New York City. The question raised is whether this valuable property was an asset of a bankruptcy estate. Without deciding that point, a district court ordered that a contract between a record owner and a contract purchaser be specifically performed. The appealing owner claims that the court below incorrectly assumed that 28 U.S.C. Sec. 1471 (1982) empowered it to order specific performance of a contract of sale without first resolving the ownership status of the condominium. Appellant further contends that the failure to decide whether or not the subject property was an asset of the debtor's estate deprived the owner of its right to a fair trial. Subsequent to the argument of this appeal, the district court ruled in February 1985 that the subject property was an asset of the debtor's estate. An appeal has been taken to this Court from that determination and is presently being scheduled for oral argument. The purchaser appellee argues that we should decline jurisdiction because the order appealed from is not a final order. Because we have determined that the order of specific performance made in this case is not a "final" order under 28 U.S.C. Sec. 1291, we dismiss the appeal.I
 
 BACKGROUND
 
 2
 The facts of this case are as follows. On April 23, 1981 a written contract of sale was entered into between appellee Antonio Schlehan and appellant Olympic Worldwide Communications Inc. (Olympic). Olympic agreed to sell and Schlehan to purchase apartment 22P located at 641 Fifth Avenue, New York City in a building commonly known as Olympic Towers. The purchase price called for a down payment of $29,000 upon the signing of the agreement with the balance of $261,000 payable at the closing. Schlehan paid the $29,000 deposit, which was to be held in escrow until the closing. The closing was scheduled for May 27, 1981, when Olympic was to convey title free and clear of all liens and encumbrances. On the date of the closing Schlehan was ready, willing and able to pay the $261,000 balance of the purchase price. But Olympic, without giving a reason, refused to convey title to him, and instead leased the apartment.
 
 
 3
 Schlehan thereupon commenced an action in New York State Supreme Court, New York County, seeking specific performance of the contract. In its answer Olympic defended by stating that it had been advised by counsel that there was a "claim" of ownership to the apartment that prevented it from conveying good title to Schlehan. On July 15, 1981 a state-court judge ordered that the specific performance action be set for trial. Several months later the trustee in the Anthony R. Martin-Trigona bankruptcy proceeding moved to intervene as a party defendant in the state action, alleging that the apartment subject to the contract of sale was an asset of the debtor Martin-Trigona and that a state-court judgment would adversely affect the trustee's interest in that property. After the state court granted his motion to intervene in the state action, the trustee moved to transfer the case to the United States Bankruptcy Court for the Southern District of New York. Olympic moved to have the proceeding remanded to the state court. At a hearing held January 27, 1982 Bankruptcy Judge Babbitt of the Southern District denied Olympic's remand motion and granted the trustee's motion to transfer the case to the Southern District, which immediately transferred it to the United States Bankruptcy Court for the District of Connecticut where Martin-Trigona was a resident.
 
 II
 DISTRICT COURT PROCEEDINGS
 
 4
 The matter came before the United States District Court for the District of Connecticut (Cabranes, J.) on July 16, 1984. After hearing argument from counsel, Judge Cabranes entered a judgment ordering Olympic to convey title to and deliver possession of the apartment to Schlehan. Schlehan took possession of the apartment July 18, 1984, and Olympic subsequently delivered to him a warranty deed to the premises. On October 16, 1984 after hearing further oral argument Judge Cabranes entered an order directing the trustee in bankruptcy to make payments in order to satisfy outstanding liens on the apartment, including two mortgages and an unpaid condominium common charge, all of which totalled approximately $227,000.
 
 
 5
 In the course of an earlier hearing held before the district court on June 25, 1984, at which Schlehan, the trustee, Olympic, and Citibank as holder of the mortgage were represented by counsel, it became evident that there was some confusion as to whether the district court could properly exercise jurisdiction over the specific performance action under 28 U.S.C. Sec. 1471. It appeared that although the apartment was owned by Olympic's President, Howard J. Kotlicky, Martin-Trigona had guaranteed a mortgage on it in an amount up to $95,000. Nonetheless, at the time of filing his bankruptcy petition the condominium was not listed as an asset of Martin-Trigona's estate.
 
 
 6
 Schlehan and the trustee urged the district court to exercise jurisdiction. They argued that the Southern District Bankruptcy Judge's refusal to remand the specific performance action to state court was sufficient grounds for that exercise. Olympic and Citibank contended that the purpose of the transfer was only to allow the federal court to decide whether the debtor had an interest in the property. From an extended colloquy on the record it appeared that although Martin-Trigona had failed to pay either the maintenance charges or the mortgage for the preceding three years, he had occupied the apartment. When this piece of information surfaced, the Connecticut district court determined that it had jurisdiction to proceed.
 
 
 7
 In its written conclusions of law, the district court stated that 28 U.S.C. Sec. 1471 confers original jurisdiction of all civil proceedings arising in and related to cases under Title 11, and that as this was a civil proceeding related to a bankruptcy proceeding, the court had jurisdiction. It ruled that Schlehan was entitled to immediate possession of the premises and to a warranty deed from Olympic. The court then entered the judgment for Schlehan.
 
 III
 ANALYSIS
 
 8
 Obviously, a court must determine its own jurisdiction. See United States v. United Mine Workers, 330 U.S. 258, 292 n. 57, 67 S.Ct. 677, 695 n. 57, 91 L.Ed. 884 (1947). When the record fails to disclose a basis for appellate jurisdiction, the reviewing court will refuse to decide the merits of the appeal, unless the failure can be cured. P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, Hart and Wechsler's The Federal Courts and the Federal System, 835-36 (2d ed. 1973).
 
 
 9
 The first jurisdictional issue raised on appeal is appellee Schlehan's contention that appellant did not timely appeal. Appellant filed its notice of appeal before the district court had decided Olympic's motion to vacate its order directing specific performance. Concededly, after a party moves to vacate a judgment, the judgment is not technically "final" until after that motion is ruled upon. Nonetheless, a premature filing of an appeal will be treated as though it were timely, absent prejudice to appellee. See Yaretsky v. Blum, 592 F.2d 65, 66-67 (2d Cir.1979). The prejudice must stem from the filing of an early notice of appeal and not, as Schlehan contends, from appellant's decision to appeal. As appellee Schlehan had notice of the appeal, his contention is without merit.
 
 
 10
 The second jurisdictional question to be resolved is whether in this case there is a final appealable order under 28 U.S.C. Sec. 1291. The district court bifurcated the proceeding by resolving first whether Schlehan should be granted specific performance of his contract with Olympic, postponing until later the question of damages. Schlehan urges that there is no final order under Sec. 1291 because only liability, and not damages, has been resolved. See Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976); Hain Pure Food Co. v. Sona Food Products, Co., 618 F.2d 521, 522 (9th Cir.1980). We agree. We recognize that the Supreme Court in Liberty Mutual did not intend to abrogate the long standing rule of Forgay v. Conrad under which an order is treated as final if it directs the immediate delivery of property and subjects the losing party to irreparable harm if appellate review is delayed. Forgay v. Conrad, 47 U.S. (6 How.) 201, 204, 12 L.Ed. 404 (1848). But a mere order of specific performance is not assumed to cause irreparable harm. The appellants in Forgay would have suffered irreparable harm because the property would have been "taken out of their possession and sold, and the proceeds distributed among the creditors of the bankruptcy before they can have an opportunity of being heard in this court in defence of their rights." Forgay, 47 U.S. (6 How.) at 204. See also McGourkey v. Toledo & Ohio Railway, 146 U.S. 536, 547, 13 S.Ct. 170, 173, 36 L.Ed. 1079 (1892) ("the case of Forgay v. Conrad has been generally treated as an exceptional one ... as made under the peculiar circumstances of that case, and to prevent a loss of the property, which would have been disposed of beyond the reach of an appellate court before a final decree adjusting the accounts could be entered"). Olympic was not subjected to irreparable harm at the time it took this appeal because the district judge ordered that the monies derived from the sale after the mortgage and common charge payments be turned over to the trustee and held by him in an escrow account. The balance represents, of course, whatever equity the owner of the apartment has in the property. Hence, there can be no prejudice to the owner. See Forgay v. Conrad, 47 U.S. (6 How.) at 204-05. As a consequence, the district court's order for the immediate transfer of the apartment is not an appealable final judgment under the rule of Forgay v. Conrad.
 
 
 11
 A final jurisdictional point--itself dispositive of this appeal--is that the district judge did not certify his order under Rule 54(b) of the Federal Rules of Civil Procedure. Before an order that disposes of only a portion of a case may be appealed there must be an express determination that it would not be just to require a party to await final disposition of the entire action. Strict adherence to the certification requirements of Rule 54(b) has been our consistent view. See, e.g., International Controls Corp. v. Vesco, 535 F.2d 742, 747 (2d Cir.1976). Here Judge Cabranes did not certify his order. Even though neither party raised this issue, we must do so on our own motion because the appealability of an order under Rule 54(b) is a jurisdictional question for an appellate court. Flegenheimer v. Manitoba Sugar Co., 182 F.2d 742, 742 (2d Cir.1950); Kaufman & Ruderman v. Cohn & Rosenberger, 177 F.2d 849, 850 (2d Cir.1949); 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 2660, at 120-22 (1983); but see Riggle v. State of California, 577 F.2d 579, 581 n. A (9th Cir.1978).
 
 
 12
 In light of the lack of appellate jurisdiction, we do not reach the merits of appellant's claim that the district court did not have the power to order specific performance of this contract before resolving whether the property in question was part of the estate in bankruptcy. Yet, we cannot help but observe that whatever the court's powers, it would have been better practice to have ruled on these issues at the same time. This is true if for no other reason than that the parties would not have been tempted to take two appeals on this matter, and a considerable amount of confusion would have been avoided.
 
 
 13
 The appeal is dismissed.
 
 PIERCE, Circuit Judge, dissenting:
 
 14
 I dissent. I believe the order herein is final and thus appealable.
 
 
 15
 In my view, Forgay v. Conrad, 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848), is not distinguishable from this case. I read Forgay to hold that orders directing transfers of real property are generally to be considered final. The exception to the rule, which Forgay itself delineates, is an order directing transfer of real property to a receiver or requiring such property to be held in trust. Such an order is not appealable since it merely maintains the status quo pending final disposition of the subject matter, and there is thus no possibility that the order will irreparably harm the property's holder. Here, though the proceeds from the sale of the apartment have been placed in escrow, the real property itself has been transferred to the buyer to do with as he pleases. Real property is traditionally considered unique. Restatement, Second, Contracts Sec. 360(e). Logically, loss of this unique property, not distribution of the sale proceeds, represents the irreparable harm of which Forgay speaks. Forgay at 202. Accordingly, I would find the order appealed from final within the rule of Forgay v. Conrad.
 
 
 16
 Finding the order final, I would reach the merits of the case, and would hold that the district court had jurisdiction over the matter as one related to a case under Title 11. See 28 U.S.C. Sec. 1471. Accordingly, I would affirm rather than dismiss the appeal.