929 F.2d 694
 1991 Copr.L.Dec. P 26,706
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
RACO CAR WASH SYSTEMS, INC., Plaintiff-Appellant,
v.
Walt SMITH, Bill Stieren, S-4 Car Wash, Incorporated,
Galesburg Manufacturing Company, d/b/a Water Wiz
Car Wash, Defendants-Appellees.
RACO CAR WASH SYSTEMS, INCORPORATED, Plaintiff-Appellee,
v.
Walt SMITH, Bill Stieren, S-4 Car Wash, Incorporated,
Galesburg Manufacturing Company, d/b/a Water Wiz
Car Wash, individually, Defendants-Appellants.
 Nos. 90-2309, 90-2317.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 5, 1990.
Decided April 2, 1991.
 
 Appeals from the United States District Court for the District of South Carolina, at Charleston. Falcon B. Hawkins, Chief District Judge. (CA-87-1967-2-1)
 Keating Lewis Simons, III, Holmes & Thomson, Charleston, S.C. (Argued), for appellant; Charles J. Baker, III, Holmes & Thomson, Charleston, S.C., on brief.
 Donald G. Mulack, Keck, Mahin & Cate, Chicago, Ill. (Argued), for appellees. Michael J. Allen, Keck, Mahin & Cate, Chicago, Ill., G. Dana Sinkler, Sinkler & Boyd, Charleston, S.C., on brief.
 D.S.C., 730 F.Supp. 695.
 DISMISSED.
 Before SPROUSE and NIEMEYER, Circuit Judges, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Raco Car Wash Systems, Inc. ("Raco") brought this action for trademark, tradedress and copyright infringement and for relief under the South Carolina Unfair Trade Practices Act ("SCUTPA") against S-4 Car Wash, Inc., Walt Smith, Bill Stieren, their corporation Galesburg Manufacturing Company, Inc., and other subsequently dismissed defendants. Defendant Galesburg counterclaimed seeking declaratory relief. With the consent of the parties, the district court bifurcated the liability and damages portions of the trial. A bench trial on the liability issues was held. At the conclusion of the trial, the district court entered liability judgment in favor of the defendants on certain claims, and in favor of the plaintiff on others; however, no damages trial has been held nor has judgment been entered on the damages portion of this action. All parties appealed the district court's order. We now dismiss the appeals for lack of jurisdiction.
 
 
 2
 Raco is engaged in the manufacture and sale of automatic and self-serve car wash systems and equipment. Walt Smith, a car wash operator, had been purchasing car wash systems and equipment from Raco for a number of years. One of the features on the Raco system was a spot-free rinse produced by the use of demineralized water in the rinse cycle. This feature was emphasized using the words "No Spot" and "No Spot Rinse." In addition, the Raco system made use of a "little car" emblem or logo on the towel dispenser. Finally, beginning in 1984, Raco began using a "Lauber" computer program to run its automatic car wash systems.
 
 
 3
 In 1985, Smith and Bill Stieren, after deciding to manufacture their own automatic car wash system, organized the Galesburg Corporation, which manufactured a "look-alike" of the Raco system. Additionally, Galesburg used a similar "little car" emblem or logo on its towel dispenser. Galesburg admittedly copied the Lauber computer program and made use of it in running the look-alike car wash systems it produced.
 
 
 4
 Following bifurcation of this action and a trial on liability only, the district court entered an order on July 21, 1989 which: (1) held in favor of all the defendants on the tradedress and trademark claims relating to use of the phrases "No Spot" and "No Spot Rinse"; (2) held in favor of the plaintiff on its trademark claim concerning the "little car" logo and enjoined its use by defendants; (3) held in favor of plaintiff for copyright infringement of the Lauber computer program and enjoined its use by defendants; and (4) held that defendants were liable to plaintiff on the South Carolina Unfair Trade Practices Act claims with respect to the "little car" logo and the Lauber computer program. It entered judgment on July 24, 1989.
 
 
 5
 The court stated that no damages could be awarded for the defendants' infringement of the Lauber computer program nor could treble damages be awarded on the SCUTPA claims because the violations were not willful. However, damages still remain to be determined on the trademark claim for use of the "little car" logo, and under SCUTPA for use of the "little car" logo and the Lauber computer program.
 
 
 6
 Under 28 U.S.C. Sec. 1291 this court has jurisdiction over appeals from final orders. A final order is one which disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). An order is not final which merely determines liability where a trial on damages must still be held. Hain Pure Food Co. v. Sona Food Products Co., 618 F.2d 521, 522 (9th Cir.1980); see also Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976).
 
 
 7
 Finding no jurisdictional basis for it, this appeal is dismissed as interlocutory.
 
 
 8
 DISMISSED.