56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael VADAR, Plaintiff-Appellee,
v.
Ron ANGELONE; Albert Peralta; George Weeks, Defendants-Appellants.
 No. 94-16444.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In his 42 U.S.C. Sec. 1983 action, Nevada state prisoner Michael Vadar alleged that Nevada state prison officials violated his due process rights by failing to credit his prison trust account with interest and by failing to post money to his trust account in a timely manner. The prison officials appeal the district court's summary judgment in favor of Vadar on his claim that he is entitled to interest on his prison trust account. We dismiss the appeal for lack of a final appealable order.
 
 
 3
 * Background
 
 
 4
 Vadar filed his complaint on April 14, 1993, and his amended complaint on November 5, 1993. In his amended complaint, Vadar alleged that the prison officials violated his due process rights by failing to post money to his prison trust account in a timely manner and by failing to credit his prison trust account with interest. On March 21, 1994, the prison officials filed their motion for summary judgment. In June, 1994, Vadar filed his opposition to the prison officials' motion for summary judgment and his cross-motion summary judgment.
 
 
 5
 Relying on Tellis v. Godinez, 5 F.3d 1314 (9th Cir. 1993), cert. denied, 115 S. Ct. 354 (1994), the district court granted Vadar's motion for summary judgment on his claim that the prison officials violated his due process rights by failing to credit his prison trust account with interest. The district court, however, did not determine what amount of interest or damages, if any, Vadar was entitled to on this claim. The district court granted summary judgment for the prison officials on Vadar's claim that the prison officials violated his due process rights by failing to post money to his prison trust account in a timely manner. The prison officials appeal.
 
 II
 Analysis
 
 6
 "Under the final judgment rule embodied in 28 U.S.C. Sec. 1291, parties may appeal only the final decisions of the district courts. A final judgment ... is a decision by the District Court that ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment." Dannenberg v. Software Toolworks Inc., 16 F.3d 1073, 1074 (9th Cir. 1994) (quotation omitted). Thus, we have held that when a party seeks a determination of liability and an award of damages, a determination of liability, alone, is not a final judgment under 28 U.S.C. Sec. 1291. See Service Employee Int'l Union, Local 102 v. County of San Diego, 35 F.3d 483, 485 (9th Cir. 1994); Hain Pure Food Co. v. Sona Food Products Co., 618 F.2d 521, 522 (9th Cir. 1980) (per curiam).
 
 
 7
 Relying on our decision in Tellis, the district court granted summary judgment for Vadar on his claim for declaratory relief. Vadar never moved for summary judgment on his claim that he was entitled to interest or damages, and the district court never addressed this claim. Therefore, we conclude that the district court's determination that Vadar was entitled to declaratory relief, as a matter of law, is not a final appealable order. See Service Employee Int'l Union, Local 102, 35 F.3d at 485; Hain Pure Food Co., 618 F.2d at 522.
 
 
 8
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3