[PRACTICE.]

## CHACE and Others, *Appellants*, *against* VASQUEZ, the Consul General of Portugal, *Respondent*.

On à libel. *in personam* for damages, if the Court decrees that damages be recovered, and that Commissioners be appointed to ascertain the amount thereof, no appeal will lie from such a decree until the Commissioners have made their report; this not being a *final* decree.

APPEAL from the Circuit Court of Maryland.

The libel in this case was *in personam* against the owners of the private armed vessel La Fortuna, stated to be owned by American citizens, for the recovery of damages for the illegal seizure, &c. of the Portuguese ship Monte Alegre and cargo, which, by a previous decree of the Court, had been restored to the libellants, no damages having been claimed in the libel *in rem.*[a] A decree *pro forma* was taken for the libellants in the Circuit Court, and Commissioners were ordered to be appointed to assess the damages; but the appeal was taken before the Commissioners were appointed, upon the ground that no libel could be sustained *in personam* in such cases.

a *Ante.* Vol. VII, p. 520.

*1826.*

*Chace*
*v.*
*Vasquez.*

*Feb. 15th.*

Mr. *D. Hoffman,* for the respondent, stated, that the appeal might be considered as well taken. The case .f the *Palmyra*[a] was distinguishable from this, as the damages there claimed were a part only of an entire decree *in rem* and *in personam;* but that here the sole inquiry is, whether any libel *in personam* could be sustained, which was an objection that covered the whole libel, and the entire decree; that, although the report of the Commissioners, when made, might be appealed from, yet the inquiry was only as to the amount ; and that if no libel could be sustained, an expensive and tedious investigation would be saved, by first establishing the point that a libel *in personam* cannot be sustained in such cases.

The COURT were of opinion, that the case was embraced by the principle decided in the case of the *Palmyra,* since an appeal would still lie from the damages when ascertained; but, that, had the decree of the Circuit Court dismissed the libel, such decree would have been final.

*Appeal dismissed.*