POSTAL TEL. CABLE CO. v. SOUTHERN RY. CO.

(Circuit Court, W. D. North Carolina. November 9, 1898.)

APPEAL—FINAL JUDGMENT—CONDEMNATION PROCEEDINGS.

In proceedings on a petition for the condemnation of a right of way, a judgment sustaining a demurrer to an answer filed by defendant, which leaves proceedings for the appointment of a commission and the assessment of damages still to be taken by the court, is not a final judgment from which an appeal lies.[1]

On Petition for Leave to Appeal. For former report, see 89 Fed. 190.

J. R. McIntosh, for plaintiff.

Stiles & Holladay, for defendant.

SIMONTON, Circuit Judge. The petition for condemnation being before the court, with an answer thereto, the petitioner interposed a demurrer to the answer. The demurrer went to the merits, and was not formal. After argument, the demurrer was sustained. Thereupon, pursuing the provisions of the statute of North Carolina, an order was entered looking to the appointment of commissioners. At this stage the defendant filed its petition for leave to appeal,

[1] As to what decrees and judgments are final, for purposes of review on error or appeal in the federal appellate courts, see notes to Brush Electric Co. v. Electric Imp. Co., 2 C. C. A. 379, and to Trust Co. v. Madden, 17 C. C. A. 238, and supplementary note to Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.

accompanied by exceptions and assignments of error. The question is, is this judgment on the demurrer a final judgment? A judgment or decree, to be final, for the purpose of review, must terminate litigation on the merits, so that on affirmance by this court the court below would have nothing to do but to execute the judgment or decree already rendered. Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15. Illustrating this rule, we find in Insurance Co. v. Adams, 9 Pet. 571, though the merits of the cause have been substantially decided, while anything, though formal, remains to be done, this court cannot pass on the subject. So, also, in Latta v. Kilbourn, 150 U. S. 524, 14 Sup. Ct. 201, a decree which refers a case to a master to state an account between the parties, upon which a further decree is to be entered, is not final. In Railway Co. v. Simmons, 123 U. S. 52, 8 Sup. Ct. 58, a decree establishing the right of a junior mortgagee to redeem from a prior mortgage, but not determining the amount he must pay, or the amount due on the mortgage, is interlocutory. In The Palmyra, 10 Wheat. 502, a decree for restitution, with costs and damages, was held not to be final, as the damages were yet to be ascertained. In Chace v. Vasquez, 11 Wheat. 429, where a decree for damages was allowed on a libel, and commissioners were appointed to ascertain the amount of damages, it was held that no appeal would lie until the commissioners reported, for it was not a final decree. The matter seems to be settled by Luxton v. Bridge Co., 147 U. S. 341, 13 Sup. Ct. 356. That was a case of condemnation of land. It came up on writ of error, seeking to reverse an order appointing commissioners on petition for that purpose. The court says:

"The case, throughout, from the application of the corporation for the appointment of commissioners to assess damages to the owner of the land proposed to be taken, until judgment upon the award of the commissioners, or upon the verdict of a jury assessing those damages, remains in the circuit court of the United States, and under its supervision and control. The action of that court in this case, as in other cases on the common-law side, is not reviewable by this court by certiorari, but only by writ of error, which does not lie until after final judgment disposing of the whole case, and adjudicating all the rights, whether of title or of damages, involved in the litigation. The case is not to be sent up in fragments by successive writs of error."

These authorities lead to the conclusion that there is no final judgment in this case. The petition for writ of error is refused.