841 F.2d 494
 ABKCO MUSIC, INC., Plaintiff-Appellant, Cross-Appellee,
v.
HARRISONGS MUSIC, LTD., Harrisongs Music, Inc., George
Harrison, Apple Records, Ltd., Apple Records,
Inc., Broadcast Music, Inc., and Hansen
Publications, Inc.,
Defendants-
Appellees,
Cross-Appellants,
v.
ABKCO INDUSTRIES, INC. and Allen Klein, Additional Parties
With Respect to the Counterclaims.
 Nos. 386, 483, Dockets 87-7599, 87-7659.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 2, 1987.
Decided March 10, 1988.
 
 Gideon Cashman, New York City (Donald S. Zakarin, Charles B. McKenna, Pryor, Cashman, Sherman & Flynn, New York City, of counsel), for plaintiff-appellant, cross-appellee.
 Joseph J. Santora, New York City (Michael S. Allen, Santora & McKay, New York City, of counsel), for defendants-appellees, cross-appellants.
 Before NEWMAN, CARDAMONE, and PIERCE, Circuit Judges.
 PER CURIAM:
 
 
 1
 ABKCO Music, Inc. ("ABKCO") appeals from a judgment of the United States District Court for the Southern District of New York, Richard Owen, J., which was entered on June 26, 1987 (the "1987 Judgment"), and which amended in part a previous judgment entered by Judge Owen on May 5, 1982 (the "1982 Judgment") that ordered ABKCO to hold certain assets in constructive trust for the benefit of the defendants-appellees. The defendants-appellees, collectively known as the "Harrison Interests," have filed a notice of cross-appeal. For the reasons set forth below, we dismiss both the appeal and the cross-appeal for lack of appellate jurisdiction.
 
 
 2
 * The circumstances giving rise to this appeal are more fully set forth in the prior opinions in this case, Bright Tunes Music Corp. v. Harrisongs Music, Ltd., 420 F.Supp. 177 (S.D.N.Y.1976), and ABKCO Music, Inc. v. Harrisongs Music, Ltd., 508 F.Supp. 798 (S.D.N.Y.1981), aff'd with modification and remanded, 722 F.2d 988 (2d Cir.1983). We shall discuss herein only those facts that are essential to an understanding of the present appeal and cross-appeal. In 1971, Bright Tunes Music Corporation ("Bright Tunes"), the holder of the copyright to the Ronald Mack composition "He's So Fine," commenced a copyright infringement action in the Southern District against the Harrison Interests, alleging that George Harrison's composition "My Sweet Lord" ("MSL") infringed the copyright of "He's So Fine" ("HSF"). While the infringement action was pending before the district court, George Harrison was involved in litigation with ABKCO and its president, Allen Klein, following the expiration of ABKCO's contract to serve as business manager for the former singing group, "The Beatles"; this dispute, which concerned the winding down of management affairs, was not resolved until 1977, when the Beatles agreed to pay ABKCO a settlement of $4.2 million. Meanwhile, Bright Tunes' infringement action proceeded apace. Following a trial in 1976 on the issue of liability, Judge Owen ruled that Harrison had subconsciously plagiarized the Mack composition. Judge Owen reserved decision on the issue of damages.
 
 
 3
 Before the district judge had reached a decision on the amount of damages to be assessed against Harrison in the infringement suit, ABKCO acquired all of Bright Tunes' interest in HSF, including the right to receive certain royalties derived from licensing the composition and all rights assertable against any infringing composition, in exchange for a payment of approximately $587,000 (the "1978 Acquisition"). As a result of this agreement, ABKCO succeeded Bright Tunes as a party to the infringement suit against Harrison. In response, the Harrison Interests filed a counterclaim against ABKCO for alleged breaches of fiduciary duty relating to the negotiation for and purchase of the Bright Tunes properties, and requesting that Judge Owen impose a constructive trust over the fruits of the 1978 Acquisition.
 
 
 4
 Following a trial on damages and counterclaims, Judge Owen entered the 1982 Judgment, which ordered ABKCO to hold the fruits of the 1978 Acquisition in constructive trust for the benefit of the Harrison Interests, and to transfer the fruits of the 1978 Acquisition to George Harrison or an appropriate designee upon the payment to ABKCO of the sum of $587,000. Prior to the entry of the 1982 Judgment, however, the Harrison Interests and ABKCO had agreed to a partial settlement (the "1980 Settlement") involving certain foreign copyrights. Consequently, on appeal of the 1982 Judgment, a panel of this Court remanded the case to Judge Owen with instructions that the constructive trust "should not include that portion of ABKCO's acquisition constituting a purchase of foreign rights involved in [the 1980] settlements." To acquire the fruits of the constructive trust, the Harrison Interests would have to pay ABKCO that portion of ABKCO's $587,000 acquisition cost that was not attributable to the excluded foreign rights. 722 F.2d at 997.
 
 
 5
 After remand, in 1986 Judge Owen conducted a two-day trial and thereafter issued an order and judgment amending the 1982 Judgment in part. He ruled that the portion of the $587,000 paid by ABKCO to Bright Tunes which is attributable to the foreign rights involved in the 1980 settlement is $316,980. Second, Judge Owen amended the previous judgment by ordering ABKCO to hold only the fruits of the 1978 Acquisition not affected by the 1980 Settlement in trust for the Harrison Interests. Upon payment of $270,020 ($587,000 less $316,980), plus interest, ABKCO would transfer to George Harrison or an appropriate designee all the fruits of the 1978 Acquisition not affected by the 1980 Settlement. ABKCO filed a notice of appeal, and the Harrison Interests cross-appealed.
 
 
 6
 At oral argument on December 2, 1987, we inquired of counsel whether the 1987 Judgment constituted a "final decision" for purposes of 28 U.S.C. Sec. 1291 (1982). We expressed particular concern that, regardless of the outcome on appeal, the matter might have to be remanded to the district court to decide which fruits of the 1978 Acquisition were not affected by the 1980 Settlement. Accordingly, we requested that counsel inform us within two weeks whether there was any disagreement over the meaning of the phrase "fruits of [the 1978 Acquisition] not affected by the [1980 Settlement]." We received letters from counsel on December 16.
 
 II
 
 7
 As a general rule, the federal courts of appeals have jurisdiction only over appeals from "final decisions" of the district courts, that is, over decisions which end the litigation on the merits and leave nothing for the court to do but execute the judgment. Taylor v. Board of Educ., 288 F.2d 600, 602 (2d Cir.1961) (citing Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Therefore, "only when nothing save ministerial tasks relating to computation of damages remains can a mere determination of liability be construed as a 'final decision.' " Caradelis v. Refineria Panama, S.A., 384 F.2d 589, 591 (5th Cir.1967) (citing, inter alia, Chace v. Vasquez, 24 U.S. (11 Wheat.) 429, 6 L.Ed. 511 (1826)). As Judge Friendly has stated, "An order adjudging liability but leaving the quantum of relief still to be determined has been a classic example of non-finality and non-appealability from the time of Chief Justice Marshall to our own." Taylor, 288 F.2d at 602.
 
 
 8
 In the present case, the letters we received from counsel following the December 2 oral argument confirm our suspicion that the 1987 Judgment is not an appealable final decision. We assume that the parties agree as to the value of the income that has been derived since 1978 from the licensing and exploitation of HSF. Nevertheless, there appears to be considerable disagreement as to what portion of this income, if any, was affected by the 1980 Settlement. ABKCO contends that, under the terms of the 1980 Settlement, it is entitled (1) to retain the income it has derived from the exploitation of HSF in all territories in the world except for the United States, Canada, and the United Kingdom; and (2) to deduct the costs that it has incurred since 1978 in connection with the exploitation of HSF. The Harrison Interests disagree on both points, arguing that the 1980 Settlement permits ABKCO to retain forty percent of the foreign royalties of MSL--and no interest whatsoever in HSF. We conclude that, until the district court decides which portion of the fruits of the constructive trust were affected by the 1980 Settlement, there is no final decision from which the parties may appeal.
 
 
 9
 For the foregoing reasons, the appeal and cross-appeal herein are dismissed.