F I L E D
**United States Court of Appeals
for the Tenth Circuit**

**March 27, 1997**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RAYMOND H. LADD,

    Plaintiff-Appellant,

v.

ROBERT D. HANNIGAN, Warden;
BABETTE BEACH, Librarian;
JOLENE RHINE, Assistant Librarian;
and CHERYL ALLEN,

    Defendants-Appellees.

No. 95-3210
(D.C. No. 95-CV-3062)
(Dist. of Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, BARRETT, and BALDOCK,** Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

Richard H. Ladd (Ladd), appearing *pro se* and having been granted leave to proceed *in forma pauperis*, appeals the district court's June 20, 1995, Order denying his motion for a temporary restraining order and injunction and his motion to disqualify Defendants'/Appellees' attorney.

On February 9, 1995, Ladd, an inmate at the Hutchinson Correctional Facility in Hutchinson, Kansas, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that he was denied adequate access to the law library.[1]  On April 3, 1995, Ladd filed a motion for a temporary restraining order and injunction asserting that he was being harassed, threatened, and retaliated against for exercising his constitutional rights by filing grievances and civil rights complaints against the Defendants/Appellees.  On June 5, 1995, Ladd filed a motion to disqualify attorney Mary Ann Shirley (Shirley) from all pending litigation against him and from participating in the preparation of the <u>Martinez</u> report[2] ordered by the district court on the ground that a conflict of interest exists because Shirley was the attorney who has answered all of his grievances on behalf of Defendants/Appellees.[3]

---

[1]  Ladd's allegations include rambling assertions of violations of: his Fourteenth Amendment rights, his Due Process rights, his Eighth Amendment rights, Equal Protection, access to the courts, and inadequate law library facilities.  However, his discussion focuses on his asserted denial of access to the law library.

[2]  On March 23, 1995, the district court requested that the Department of Corrections file a report pursuant to <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978).

[3]  Although titled as a "motion to dismiss" in actuality Ladd's motion seeks to disqualify Shirley from participating in the preparation of the <u>Martinez</u> report and not to dismiss her from the action.  Therefore, we will refer to this motion as a motion to disqualify.

On June 20, 1995, the district court denied Ladd's both motions. In denying his motion for a temporary restraining order and injunction, the district court found that he had "failed to persuasively identify any irreparable injury he might suffer in the absence of the relief sought, and the actions he seeks to deter involve matters within the expertise of corrections officials, or involve hypothetical conduct that has no factual support." (ROA, Vol. I, Tab 19 at 1-2). In denying his motion to disqualify Shirley, the district court found that the "conflict of interest" cited by him would not compromise the processing of his grievances or adversely affect the preparation of the Martinez report. Id. at 2. Thereafter, Ladd filed a notice of appeal allegedly appealing both the district court's denial of the temporary restraining order/preliminary injunction and his motion to disqualify Shirley.

This court has jurisdiction only over "final" decisions of the district court, 28 U.S.C. § 1291, and those interlocutory decisions enumerated in 28 U.S.C. § 1292. See Albright v. UNUM Life Ins.. Co. of Am., 59 F.3d 1089, 1092 (10th Cir. 1995) (appellate court lacks jurisdiction to consider non-final claims). Since there has been no final order in this case, we have jurisdiction only over that portion of the order denying the preliminary injunction. 28 U.S.C. § 1292(a)(1). Ladd's appeal of the district court's denial of his motion to disqualify Shirley is a non-final claim which is not sufficiently exceptional or unique to warrant immediate appellate review nor will this issue be unreviewable if not considered by us now. See Albright, 59 F.3d at 1094.

We review the district court's denial of a temporary restraining order or preliminary injunction to determine if the district court abused its discretion, committed an error of law, or was clearly erroneous in its preliminary factual findings. Country Kids 'N City Slicks, Inc. v. Sheen, 77 F.3d 1280, 1283 (10th Cir. 1996). "In order to merit a preliminary injunction the [movant] must establish that: (1) [he] has a substantial likelihood of prevailing on the merits; (2) [he] will suffer irreparable injury if [he] is denied the injunction; (3) [his] threatened injury outweighs the injury that the opposing party will suffer under the injunction; and (4) an injunction would not be adverse to the public interest." Id. Applying this standard, the district court found that Ladd failed to show that he would suffer irreparable injury if the injunction was denied. After careful review of the record, we agree. Thus, the district court did not abuse its discretion, did not commit an error of law, and was not clearly erroneous in its preliminary factual findings.

According, we AFFIRM the district court's denial of Ladd's motion for a temporary restraining order and preliminary injunction substantially for the reasons set forth in the district court's Order of June 20, 1995. We DISMISS Ladd's appeal of the district court's denial of his motion to disqualify Shirley for lack of jurisdiction.

The mandate shall issue forthwith.

Entered for the Court:

James E. Barrett,
Senior United States
Circuit Judge

- 4 -