**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAYMOND H. LADD,                                  )
                                                 )
          Plaintiff-Appellant,                   )
                                                 )
v.                                               )          No. 95-3264
                                                 )     (D.C. No. 95-CV-3181)
DAVID R. MCKUNE, Warden; LINDEN                  )        (Dist. of Kan.)
APPEL, Attorney; (NFN) CASTELLE, M.              )
RENO, and MARCELLA MCGOWAN,                      )
Correctional Officers at Lansing Correctional    )
Facility; W. STOKES, Unit Team Manager           )
at Hutchinson Correctional Facility,             )
                                                 )
          Defendants-Appellees.                  )

**ORDER AND JUDGMENT**[*]

Before **TACHA, BARRETT, and BALDOCK,** Circuit Judges.


After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this appeal.

See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9.  The case is therefore ordered submitted

without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of Tenth Cir. R. 36.3.

Richard H. Ladd (Ladd), appearing *pro se* and having been granted leave to proceed *in forma pauperis*, appeals the district court's Memorandum and Order dated August 15, 1995.

Facts

On April 25, 1995, Ladd, an inmate at the Hutchinson Correctional Facility in Hutchinson, Kansas, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that Defendants/Appellees: (1) transferred him from Lansing Correctional Facility to Hutchinson Correctional Facility in retaliation for his prior legal actions and grievances filed against Defendants/Appellees; (2) interfered with his access to the courts by depriving him of his legal materials during and after his transfer to Hutchinson Correctional Facility; and (3) denied him Due Process in the prisoner grievance procedures. (ROA, Vol. I, Tab 2). On August 15, 1995, the district court entered a Memorandum and Order concluding that Ladd's complaint was subject to being dismissed as frivolous under 28 U.S.C. § 1915(d) and stating the reasons therefore. (ROA, Vol. I, Tab 4). However, the court did not dismiss Ladd's complaint, but granted him until August 30, 1995, to show cause why his complaint should not be dismissed for the stated reasons. Id.

Thereafter, on August 21, 1995, Ladd filed a notice of appeal purporting to appeal the district court's August 15, 1995, Memorandum and Order. On August 24, 1995, the district court denied Ladd's motion for leave to proceed *in forma pauperis* on appeal. Ladd's motion for leave to proceed *in forma pauperis* was subsequently granted by this court on June 18,

1996.[1]

Discussion

As a preliminary matter, we must determine whether we have jurisdiction to consider Ladd's appeal. We must determine whether: (1) the district court's August 15, 1995, Memorandum and Order constitutes a final decision by the district court under 28 U.S.C. § 1291; (2) the district court's failure to file a separate judgment pursuant to Federal Rule of Civil Procedure 58 prevents Ladd's appeal; and (3) Ladd's August 21, 1995, notice of appeal is timely.

1. 28 U.S.C. § 1291 Final Decision

Under 28 U.S.C. § 1291, appellate jurisdiction is limited to final decisions of the district court. 28 U.S.C. § 1291. A final decision is one that "'leave[s] nothing for the court to do but execute the judgment.'" Albright v. UNUM Life Ins. Co. of Am., 59 F.3d 1089,

---

[1] It has come to this court's attention that on March 14, 1997, the district court entered an order dismissing Ladd's complaint for failure to prosecute and on March 17, 1997, a separate final judgment was entered. However, the district court's belated attempt to dispose of this action is without effect. The district court lacked jurisdiction to further consider any aspects of this case once Ladd filed his notice of appeal on August 30, 1997, see discussion infra; thus, any district court order filed after August 30, 1995, is null and void. See Stewart v. Donges, 915 F.2d 572, 575 (10th Cir. 1990) ("We begin with the unassailable general proposition that the filing of a notice of appeal, . . ., is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (citation omitted); Garcia v. Burlington Northern R.R. Co., 818 F.2d 713, 721 (10th Cir. 1987) ("Filing a timely notice of appeal . . . transfers the matter from the district court to the court of appeals. The district court is thus divested of jurisdiction. Any subsequent action by it is null and void.") (citations omitted).

1092 (10th Cir. 1995) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). In considering whether an order or judgment constitutes a final decision within the meaning of § 1291, the label used by the district court is not controlling. Albright, 59 F.3d at 1092 (quotation omitted). Rather, we look to the substance of the district court's decision, not its label or form. Id.

In this case, the district court's August 15, 1995, Memorandum and Order was not a final decision of the court when it was entered. By its own terms, the Order allowed Ladd until August 30, 1995, to cure the deficiencies in his complaint. However, once Ladd failed to cure these deficiencies by August 30, 1995, the Memorandum and Order matured into a final decision dismissing the complaint in its entirety.[2] See Lewis v. B.F. Goodrich Co., 850 F.2d 641, 642-43 (10th Cir. 1988) ("B.F. Goodrich did not move to reopen the proceedings on its counterclaim within the sixty-day time period; thus the closing order by its own terms matured into a dismissal of the counterclaim with prejudice on February 27, 1987, creating an appealable final judgment for the entire case."). Therefore, we have jurisdiction pursuant to § 1291 to consider the merits of Ladd's appeal. We must now determine whether there was a "final judgment or order" within the meaning of the Federal Rules of Civil and Appellate Procedure sufficient to trigger the appeal process.

---

[2] In addition, the district court treated its August 15, 1995, Memorandum and Order as a final order in its August 24, 1995, Order denying Ladd's motion for leave to proceed *in forma pauperis* on appeal. See Part 2.

## 2. Rule 58

Federal Rule of Civil Procedure 58 requires that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)."[3] Fed. R. Civ. P. 58. "The sole purpose of the separate-document requirement, which was added to Rule 58 in 1963, was to clarify when the time for appeal . . . begins to run." Bankers Trust Co. v Mallis, 435 U.S. 381, 384 (1978). Thus, triggering the appeal process. As the Court stated in Bankers Trust,

> The separate-document requirement was thus intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely. The 1963 amendment to Rule 58 made clear that a party need not file a notice of appeal until a separate judgment has been filed and entered. Certainty as to timeliness, however, is not advanced by holding that appellate jurisdiction does not exist absent a separate judgment.

Id. at 385 (internal citation omitted). Therefore, Rule 58 is not a restriction on appellate jurisdiction; no separate final judgment needs to be entered in order for this court to accept jurisdiction over a timely appeal of a final decision. See Marshall v. Shalala, 5 F.3d 453, 454 n.1 (10th Cir. 1993), cert. denied, 510 U.S. 1198 (1994); Clough v. Rush, 959 F.2d 182, 186 (10th Cir. 1992). However, a separate judgment pursuant to Rule 58, or the equivalent, is needed to trigger the appeal process. See Clough, 959 F.2d at 185 (citing examples). Therefore, we must determine whether, in this case where it is undisputed that no separate

---

[3]     Federal Rule of Civil Procedure 79(a) governs civil docket entries.

judgment was entered by the district court, a remand is necessary or appropriate.

The separate document rule, Fed. R. Civ. P. 58, only "applies when 'there is uncertainty about whether a final judgment has [been] entered.'" Gross v. Burggraf Const. Co., 53 F.3d 1531, 1536 (10th Cir. 1995) (quoting Clough, 959 F.2d at 185). See also In re Slade v. United States Postal Serv., 952 F.2d 357, 359 n.1 (10th Cir. 1991) (Rule 58 does not apply where "there is no question about the finality of the court's decision"); United States v. Clearfield State Bank, 497 F.2d 356, 358 (10th Cir. 1974) (the rule applies in any case where there is uncertainty whether final judgment has been entered). In this case, the district court's Memorandum and Order became "final" only after the expiration of the show cause order on August 30, 1995. However, there could be no question about its intended finality because in its August 24, 1995, Order denying Ladd's motion for leave to proceed *in forma pauperis* on appeal, the district court stated that "[a]ll relief was denied and the action dismissed by Memorandum and Order dated August 15, 1995. Plaintiff has filed a Notice of Appeal from the order of dismissal, . . . ." (ROA, Vol. I, Tab 6). After the district court's August 24, 1995, Order there could be no uncertainty that the August 15, 1995, Memorandum and Order was the final judgment disposing of the entire complaint in this case. See Gross, 53 F.3d at 1536 ("By granting Burggraf and Anderson's motions for summary judgment regarding each claim asserted by Gross, the district court disposed of the entire action."). Therefore, a remand is unnecessary and the appeal process was triggered by the decision of the district court when it became final on August 30, 1995.

Moreover, were we to conclude that the facts of this case did present uncertainty regarding whether a final judgment had been entered thereby invoking the requirements of Rule 58, our result would be the same. As noted above, the separate document rule, Fed. R. Civ. P. 58, is not jurisdictional; therefore, under certain circumstances, the requirements of Rule 58 can be waived. See Marshall, 5 F.3d at 454 n.3 ("we [the court] waive the separate document requirement in this case"); Clough, 959 F.2d at 185 ("the parties may waive the separate document requirement"). As the Supreme Court stated in Bankers Trust Co.,

> If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss the appeal. Upon dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose.

Id. at 385 (footnote omitted). This is true here. Efficiency and judicial economy would not be served by requiring the parties to return to the district court solely to obtain a separate judgment. See e.g. Marshall, 5 F.3d at 454 n.3; Clough, 959 F.2d at 186.

### 3. Notice of Appeal

Now we must determine whether Ladd's August 21, 1995, notice of appeal was timely under Federal Rule of Appellate Procedure 4(a).

In a civil case, the time for filing a notice of appeal begins to run upon the filing of the judgment or order appealed from. Fed. R. App. P. 4(a)(1). Ladd appeals from the district court's Memorandum and Order filed August 15, 1995. However, because the district court's Memorandum and Order did not become final until August 30, 1995, see Part 1,

Ladd's notice of appeal filed on August 21, 1995, appears premature. Federal Rule of Appellate Procedure 4(a)(2) contemplates this dilemma where a notice of appeal is filed after the court's decision, but before the entry of a final judgment or order. Rule 4(a)(2) provides, "A notice of appeal filed after the court announces a decision or order but before the entry of the judgment or order is treated as filed on the date of and after the entry." Fed. R. App. P. 4(a)(2).

Therefore, because the district court's Memorandum and Order became final on August 30, 1995, Ladd's notice of appeal is treated as having been filed after the Memorandum and Order on August 30, 1995, and is, thus, timely.[4] Accordingly, we proceed to the merits of Ladd's appeal.

### 4. Merits

On April 25, 1995, Ladd filed this civil rights complaint alleging that Defendants/Appellees violated his Constitutional rights by (1) transferring him from Lansing Correctional Facility to Hutchinson Correctional Facility in retaliation for his prior legal actions and grievances filed against Defendants/Appellees; (2) interfering with his access to the courts by depriving him of his legal materials during and after his transfer to Hutchinson Correctional Facility; and (3) denying him Due Process in the prisoner grievance procedures.

---

[4] It is interesting to note that Ladd's notice of appeal was actually filed in this court on August 30, 1995, although it had previously been filed in the district court on August 17, 1995.

The district court dismissed Ladd's complaint pursuant to 28 U.S.C. § 1915(d) which "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The district court found that: (1) Ladd's claims of retaliatory transfer were speculative and illusory; (2) he failed to demonstrate the necessary prejudice to establish interference with his access to the courts; and (3) his claims related to the prisoner grievance procedures had no arguable legal foundation and no protected liberty interest was at issue.

On appeal, Ladd reiterates his claims made in the district court. We review the district court's dismissal pursuant to § 1915(d) for abuse of discretion. Green, 59 F.3d at 1077 (quoting Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

After a careful review of the record, we agree with the district court and hold that the district court did not abuse its discretion in dismissing Ladd's civil rights complaint pursuant to § 1915(d). According, we AFFIRM substantially for the reasons set forth in the district court's Memorandum and Order filed August 15, 1995, which became final on August 30, 1995. Additionally, Defendants'/Appellees' request for damages or costs due to the frivolous nature of this appeal is DENIED.

The mandate shall issue forthwith.

Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge