**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY EUGENE SEDILLO,

     Petitioner-Appellant,

v.

TIMOTHY HATCH; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

     Respondents-Appellees.

Nos. 08-2015 & 08-2045

(D.C. No. 1:07-CV-00468-JCH-RLP)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is,

therefore, submitted without oral argument.

Jerry Sedillo, a New Mexico state prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to challenge the district court's denial

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Because Sedillo waived his appellate rights by failing to object to the Report and Recommendation of the magistrate judge who conducted preliminary review in this case, we must deny his request and dismiss the matter (08-2045). We also dismiss Case No. 08-2015 for lack of finality.[1]

## I.

In 2005, Sedillo was convicted by a jury of kidnaping, child abuse, witness intimidation, tampering with evidence, and three counts of aggravated battery against a household member. He received a sentence of twenty and one-half years' imprisonment, with five years suspended. On direct appeal, Sedillo's convictions and sentence were affirmed. A petition for writ of certiorari raising the same issues presented in Sedillo's direct appeal was denied.

In a subsequent state habeas corpus petition, Sedillo argued that he had received ineffective assistance of counsel and listed ten grounds for relief. The state trial court summarily denied Sedillo's habeas petition, and Sedillo again

---

[1] This case consists of two separate appeals from the proceedings below, which have been consolidated for disposition. Sedillo's notice of appeal in Case No. 08-2015 was dated July 3, 2007 and sought to appeal the order of the district court entered on that date. Our review of the record, however, reveals that the district court entered no final, appealable order on or anywhere near that date—and did not do so until nearly six months later. We therefore dismiss the appeal in Case No. 08-2015 for lack of finality. See Albright v. UNUM Life Ins. Co., 59 F.3d 1089, 1092 (10th Cir. 1995). The remainder of this order addresses the appeal in Case No. 08-2045, which presents no similar problem.

sought certiorari. His second petition for writ of certiorari was also summarily denied.

On May 11, 2007, Sedillo filed this § 2254 habeas petition, reasserting all of the arguments that he previously raised on direct appeal, in his state habeas petition, and in his second petition for writ of certiorari. On December 13, 2007, a United States magistrate judge filed a Report and Recommendation recommending that Sedillo's petition be denied and the case dismissed without prejudice. The Report and Recommendation contained the following notice regarding the parties' obligation to timely object to the magistrate judge's conclusions:

> Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

Rep. & Recomm., ROA Doc. 10 at 8 n.1.

Accordingly, on December 14, 2007, the respondents filed their objections to the Report and Recommendation. On December 26, 2007, Sedillo filed a document titled "Petitioner's Response to Respondent's Objections to Magistrate Judge's Report and Recommendation." As the title suggests, this response simply sought to rebut the objections raised by the respondents, rather than raise any

-3-

independent objections.  Although the response also asserted that Sedillo "put forward what he strongly beli[e]ves is a Constitutional Violation of his Constitutional Rights"—suggesting that Sedillo disagreed with the magistrate's conclusion that he had not done so—Sedillo ultimately asked the district court to "uphold [the] report and recommendation and allow the Petitioner appealability." Pet'r Resp. to Resp't Obj., ROA Doc. 12 at 3.  In an Order dated January 11, 2008, the district court, having reviewed the magistrate judge's Report and Recommendation and the parties' filings, adopted the Report and Recommendation, denied Sedillo's § 2254 petition and dismissed the case without prejudice.

The district court subsequently denied Sedillo's request for a COA.  Sedillo then renewed his request for a COA with this court.  On March 3, 2008, we entered an order directing the parties to file memoranda addressing whether Sedillo waived his appellate rights by failing to object to the magistrate judge's Report and Recommendation.  See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).  The parties have filed briefs on this issue, and Sedillo has also filed a brief on the merits.

## II.

"This court has adopted a 'firm waiver rule' which provides that a litigant's failure to file timely objections to a magistrate's [Report and Recommendation] waives appellate review of both the factual and legal determinations."  Vega v.

-4-

Suthers, 195 F.3d 573, 579 (10th Cir. 1999).  Although Sedillo asserts that his response to the respondents' objections served as an objection to the Report and Recommendation, we are unable to draw this conclusion.  We recognize that pro se pleadings are to be construed liberally.  White v. Colorado, 82 F.3d 364, 366 (10th Cir. 1996).  Even so, we find no place in Sedillo's response where he asks the district court to reject the magistrate judge's conclusions.  In fact, the response essentially endorses the Report and Recommendation by asking the district court to "uphold [the] report and recommendation . . . ."  Pet'r Resp. to Resp't Obj., ROA Doc. 12 at 3.

There are two narrow exceptions to the firm waiver rule, neither of which is applicable here.  First, if a pro se litigant is not notified of the time period for filing objections and the consequences of failing to file, the waiver rule may not apply.  See Talley v. Hesse, 91 F.3d 1411, 1412 (10th Cir. 1996).  As noted above, the Report and Recommendation clearly notified Sedillo of both of these concerns.  See Rep. & Recomm., ROA Doc. 10 at 8 n.1.

Second, the waiver rule "need not be applied when the interests of justice so dictate."  Moore, 950 F.2d at 659.  We have identified several key factors that determine whether this exception applies, including: 1) the circumstances surrounding the pro se litigant's failure to file timely objections; 2) the litigant's subsequent efforts to remedy a failure to object; or 3) the merits of the claims.  See Theede v. U.S. Dep't of Labor, 172 F.3d 1262, 1268 (10th Cir. 1999).

Sedillo points to no circumstances which excuse his failure to object to the magistrate judge's Report and Recommendation. Nor does he allege that he made any effort to remedy his failure to object within the prescribed ten-day period. As such, the only possible basis for our concluding that the interests of justice weigh in favor of allowing the appeal is the underlying merit of his claims.

After reviewing the record, we conclude that Sedillo's claims have little merit. The magistrate judge's report thoroughly explains why Sedillo is not entitled to habeas relief. The state courts applied the Supreme Court's clearly established precedents to the facts in an objectively reasonable manner. See Brown v. Payton, 544 U.S. 133, 141 (2005). We further agree with the magistrate and district court rulings that many of Sedillo's claims were defaulted on state procedural grounds, Maes v. Thomas, 45 F.3d 979, 985 (10th Cir. 1995), or have not yet been exhausted, Castille v. Peoples, 489 U.S. 346, 351 (1989).

Sedillo's request for a COA is DENIED and these appeals (both 08-2015 and 08-2045) are DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-6-