FILED
United States Court of Appeals
Tenth Circuit

June 2, 2026

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALLEN R. DAVISON,

    Defendant - Appellant.

No. 25-3054
(D.C. No. 2:24-CV-02144-JAR-RES)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **McHUGH**, and **ROSSMAN**, Circuit Judges.

_____

The Internal Revenue Service imposed tax penalties against the defendant, Mr. Allen Davison, sparking two rounds of litigation. The first round took place before the Tax Court, which rejected Mr. Davison's challenge to the tax penalties; the second round of litigation took place in district court, where the government sought to reduce the penalties to a judgment. The district court granted summary judgment to the government,

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

relying on issue preclusion based on the Tax Court's rejection of the same arguments. Mr. Davison appeals the grant of summary judgment.

But in issuing the subsequent judgment, the court didn't state the amount of the penalty or who owes it. While the appeal was pending, however, the district court tried to add the missing information. The government asks us to recognize the amended judgment even though it was issued after Mr. Davison had appealed.

The sequence of events triggers three procedural issues:

1.  Recognition of the amended judgment: The threshold issue is whether we can recognize the amended judgment, which set the amount and identified the party owing the penalties, even though Mr. Davison had appealed the original judgment. Ordinarily a district court can amend a judgment by stating the amount and who owes it. But Mr. Davison had already appealed before the district court added this information. Because the matter had already been appealed, the district court could amend the judgment only with leave of court; and we hadn't granted such leave. So the amended judgment is a nullity.

2.  Appealability of the original judgment: The incomplete nature of the original judgment triggers a question involving our jurisdiction. For appellate jurisdiction, we ordinarily need a final decision; and Mr. Davison had appealed before the district court said how much is owed or who owes it. Because the omitted information was ministerial, however, the original judgment is considered *final* for purposes of appellate jurisdiction.

3.  Issue preclusion: The existence of appellate jurisdiction triggers a procedural issue involving Mr. Davison's argument before the district court that the IRS miscalculated the penalties by basing the amount on his legal fees. But he had made the same argument in Tax Court, and that court rejected his argument. So the district court concluded that Mr. Davison's argument was subject to issue preclusion. He

2

doesn't address this reasoning in his opening brief; and even in his reply brief, he questions the constitutionality of the assessment rather than the applicability of issue preclusion. We therefore affirm the grant of summary judgment.

## 1. The Tax Court upholds the assessment.

Mr. Davison is an attorney who advised a client, Cash Management Systems, about a marketing program to reduce taxes. The IRS deemed the program an abusive tax shelter and assessed penalties totaling $36,000 for his role as a promoter.

Mr. Davison went to Tax Court, arguing that the IRS had miscalculated the penalties by basing them on his legal fees. The Tax Court rejected this argument, concluding that Mr. Davison had earned the fees by promoting an abusive tax shelter rather than providing legal advice. *Davison v. Comm'r*, T.C. Memo 2020-58 at 50–52, 61, 67 (T.C. 2020).[1]

## 2. The district court grants summary judgment to the government.

The government filed a new action in federal district court to reduce the penalties to judgment. Mr. Davison objected, arguing again that he had earned the fees by giving legal advice rather than promoting the program. The district court granted summary judgment to the government, but didn't say in the judgment how much the penalties were or who owes them.

---

[1] Mr. Davison appealed, but we dismissed the appeal for lack of appellate jurisdiction. *Davison v. Comm'r*, No. 20-9002, 2022 WL 2196884, at *1 (10th Cir. June 17, 2022).

**3.    Mr. Davison appeals, and the district court amends the judgment.**

Mr. Davison unsuccessfully sought reconsideration and appealed. While the appeal was pending, however, the government asked us to allow the district court to amend the judgment by stating the amount and identifying who owes it. We denied the request, but said that the government could renew the request if the district court indicated that it would allow amendment of the judgment.

The government then returned to district court. Rather than ask the district court to say how it would rule, however, the government asked the court to go ahead and amend the judgment. The district court granted the request and amended the judgment, stating the amount and who owes it.

**4.    The amended judgment is a nullity.**

That amendment was unauthorized. Because Mr. Davison had already appealed, the district court needed leave of this court to amend the judgment. Fed. R. Civ. P. 60(a); Fed. R. Civ. P. 62.1(a)(3). Rather than grant leave, however, we said that the government could renew the request only if the district court indicated that it would allow amendment of the judgment. But the district court couldn't amend the judgment absent a remand for that purpose. Fed. R. Civ. P. 62.1(c).

The government asks us to skip the procedural steps for amendment of the judgment. But we can't pretend that the district court had jurisdiction when it didn't. Once Mr. Davison appealed, the district court lost

4

jurisdiction over those parts of the case involved in the appeal. *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011). And the district court's judgment was precisely what Mr. Davison was appealing. So the district court's subsequent amendment of that judgment was a nullity. *Garcia v. Burlington N. R.R.*, 818 F.2d 713, 721 (10th Cir. 1987).

Because the amended judgment was a nullity, we must disregard it. So we deny the government's request for us to recognize the amended judgment.

**5.     We nonetheless have jurisdiction to decide Mr. Davison's appeal.**

The nullity of the amendment triggers a question about our own jurisdiction. We typically have jurisdiction only when the district court enters a *final decision*. 28 U.S.C. § 1291. And a decision is ordinarily *final* only when the district court has done everything required for a party to execute the judgment. *Albright v. UNUM Life Ins. Co. of Am.*, 59 F.3d 1089, 1092 (10th Cir. 1995). But the original judgment couldn't be executed because it didn't quantify the penalties or say who owes them.

Nonetheless, these omissions trigger an exception, which deems decisions *final* when the omitted information is ministerial. *Id.* at 1093. The omissions here were ministerial: The original judgment didn't identify the payor or quantify the amount. But the payor was obvious: Mr. Davison. And the amount was fixed: The penalties totaled $36,000 plus interest. The only remaining task involved a computation of interest. For that

computation, the IRS submitted an affidavit stating that the penalties and interest totaled $51,589.34; and Mr. Davison hasn't questioned that computation or denied that he is the person owing the penalties. So the omissions were ministerial, and we have jurisdiction over the appeal.

**6.      Mr. Davison hasn't challenged the district court's reasoning.**

The district court applied issue preclusion, and Mr. Davison needed to tell us why he thought that the court was wrong. *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015); Fed. R. App. P. 28(a)(8). But Mr. Davison hasn't done that.

He argues that the IRS miscalculated the penalties by treating his legal fees as payment to promote a scheme to improperly avoid taxes. But the district court ruled that Mr. Davison couldn't reassert this argument because it had already been rejected in the Tax Court. Mr. Davison says nothing in his opening brief about this reasoning. And in his reply brief, he says only that the miscalculation of penalties violated his constitutional rights. Even if he's right, however, Mr. Davison lost that argument in Tax Court. So the possibility of a constitutional violation wouldn't cast doubt on the district court's reliance on issue preclusion.

\*\*\*

We deny the government's request to recognize the amended judgment (Dkt. No. 17), vacate the amended judgment, and affirm the original judgment upholding the IRS's assessment of tax penalties.[2]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[2] After the mandate is issued, the government may renew its motion in district court to amend the judgment by correcting the clerical error. *See Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 950 (8th Cir. 2012) (stating that after the appeal has been resolved, the district court regains authority under Federal Rule of Civil Procedure 60(a) to fill in omissions in the judgment, without leave of the appellate court, if the corrections don't alter anything decided in the appeal); *Semtner v. Grp. Health Serv. of Okla., Inc.*, 129 F.3d 1390, 1392 (10th Cir. 1997) (explaining that when the district court entered judgment on liability without specifying the amount of damages, the omission was "a clerical error correctable under [Rule] 60(a)" because the amount was "readily ascertainable and undisputed").