**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 4 1997**

**PATRICK FISHER**
**Clerk**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CAROLYN CLARK and KAROLYN'S PET )
RESORT, )
)
      Plaintiffs-Appellants, )
)            No. 96-4006
v. )      (D. C. No. 95-CV-458)
)             (D. Utah)
CITY OF DRAPER, DANIEL F. BERTCH, )
LESLIE CUTLER, JAN McNAIR, BOYD )
JOHNSON and CITY OF SANDY, )
)
      Defendants-Appellees. )

---

**ORDER AND JUDGMENT***

---

Before **KELLY, HOLLOWAY,** and **BRISCOE,** Circuit Judges.

---

      Plaintiff-appellants Carolyn Clark and Karolyn's Pet Resort (Clark) seek reversal or

vacation of the district court's summary judgment against them. For the reasons that follow,

we hold that the entry of summary judgment should be vacated and the defendant's motion

for summary judgment should be reconsidered by a different judge. We do not reach any

other issues on appeal.

---

     *This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

This case, commenced May 16, 1995, concerns whether city officials violated the plaintiff Clark's constitutional rights when they seized and later killed two blue foxes belonging to her for the purpose of testing them for rabies after one of them may have bitten a child. The defendants in the case, two municipal entities and a number of city officials, were represented by attorneys from the law firm Snow, Christensen & Martineau. The record on appeal indicates that the district judge who entered the summary judgment here on appeal was represented in a personal matter between March 2, 1995, and January 25, 1996, by Mr. Christensen, who was an attorney of counsel with the Snow firm. Aple. Supp. App. at 100-01 (Affidavit of Mr. Andrew M. Morse). This affidavit dated September 25, 1996, stated that Mr. Christensen is of counsel to the Snow firm and has not been a shareholder in the firm since 1987. Mr. Morse, who argued before us and appears on the brief for defendants-appellees, represents to us that neither he nor his associate, Mr. Anaya, knew of the representation of the judge by Mr. Christensen in the personal matter. Mr. Morse also represents that neither he nor Mr. Anaya represented the judge in the personal matter handled by Mr. Christensen. Aple. Supp. App. at 101.

Defendants moved for summary judgment on August 8, 1995, and the judge entered summary judgment for them on December 5, 1995, which was during the time that Mr. Christensen represented the judge. Aplt. App. at 174. At no time, however, did Mr. Christensen appear in the instant case before the judge. Aple. Supp. App. at 101. Ms. Clark filed a notice of appeal on January 4, 1996, id. at 176, within the 30-day time limit

2

of Fed. R. App. P. 4.[1]

As noted, the representation in the personal matter by Mr. Christensen of the judge who entered the summary judgment continued until January 25, 1996. Subsequently a motion of defendants for attorneys' fees was scheduled for a hearing on April 16, 1996. At that hearing an oral motion was made by plaintiff-appellants' counsel for recusal of the judge, which he promptly granted at that hearing. Among other things, the defendant-appellees contend that because the representation of the judge by Mr. Christensen had ended in January 1996, long before the April oral recusal motion, and because there will be a de novo review on this appeal of the summary judgment, there is no reason to reverse the judgment for alleged bias or prejudice. Brief of Appellees at 32-33.

We are convinced that the judge properly granted the oral motion to recuse himself. And as explained below, we feel further that the recusal should have been effected earlier, sua sponte, before the summary judgment was entered, because the judge then himself knew of the disqualifying circumstance, his representation in a personal matter by Mr. Christensen who was of counsel with the firm appearing before the judge in the instant case. 28 U.S.C. § 455(a) imposes a duty upon a United States judge to disqualify himself where "his impartiality might reasonably be questioned." We think it clear that the average person might

---

[1]After filing the notice of appeal and after learning of the district judge's conflict, Ms. Clark also sought relief under Fed. R. Civ. P. 60(b). The district judge to whom the case had been reassigned (to hear the defendants' motion for attorneys' fees) held that she had been divested of jurisdiction over the Rule 60 motion by the filing of the notice of appeal. See Aplt. App. at 177. Ms. Clark has not appealed from that ruling.

reasonably question the impartiality of a judge who is being represented on a personal matter by a lawyer associated with the same law firm as that representing one of the parties in a case before the judge.[2]  In <u>Potashnick v. Port City Construction Co.</u>, 609 F.2d 1101, 1111 (5th Cir.), <u>cert. denied</u>, 449 U.S. 820 (1980), the Fifth Circuit held that a trial judge should have disqualified under § 455(a) where he was being represented in several unrelated matters by one of the attorneys in the case before him and had business dealings with the attorney as well.  <u>Id.</u> at 1110.  The court stated:

> According to the report of the House Judiciary Committee, the general standard of section 455(a) was designed to promote the public's confidence in the impartiality and integrity of the judicial process by saying, in effect, that if any reasonable factual basis for doubting the judge's impartiality exists, the judge "shall" disqualify himself and let another judge preside. 1974 U.S. Code Cong. & Admin. News, pp. 6351, 6354-55.

<u>Id.</u> at 1111.  We find the Fifth Circuit's analysis persuasive and conclude that the representation of the district judge here created an appearance of impropriety.

When a district judge incorrectly fails to recuse himself, an appellate court is to consider three factors to determine whether the omission is harmless error.  <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 862-64 (1988);  <u>Harris v. Champion</u>, 15 F.3d 1538, 1571 (10th Cir. 1994).  In <u>Liljeberg</u>, the Court stated:

---

[2]Defendants attempt to place weight on the fact that the attorney who represented the district judge was only "of counsel."  <u>See</u> Aple. Supp. App. at 101.  However, we note that this attorney had been a partner until 1987 and appears to have been one of the named partners of the law firm.  <u>See</u> <u>id.</u>  Moreover, the defendants cite no authority -- and we have found none -- to suggest that the status of the attorney being of counsel would remove the concerns which we feel apply here.

> We conclude that in determining whether a judgment should be vacated for a violation of § 455(a), it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process. We must continuously bear in mind that "to perform its high function in the best way 'justice must satisfy the appearance of justice.'" In re Murchison, 349 U.S. 133, 136 (1955) (citation omitted).

486 U.S. at 864. Applying these factors here, we do not feel that the failure to recuse in this instance can be considered harmless error.

The defendants argue further that a grant of summary judgment is reviewed de novo, and hence, there is no risk of injustice. However, de novo review in no way removes the appearance of impropriety, which, given the circumstances here, we deem controlling. The circumstances that occurred would surely undermine the public confidence in the judicial system, regardless of our standard of review. Our conclusion finds support in Liljeberg and Harris.[3]

We conclude that we must vacate the summary judgment and remand for reconsideration by the newly assigned judge. Accordingly the summary judgment is

---

[3]The remedy in Harris, which involved recusal of one judge of a three-judge panel, was to remand the case to a reconstituted three-judge panel of district judges "to review the previous rulings of the three-judge district court panel on the merits, [and] to direct [the recused judge] to recuse himself from all further proceedings relating to these matters on remand, including any individual hearings that may be necessary." Id. Our vacating of the entry of summary judgment and remanding the case for a fresh look at the defendants' motion for summary judgment has the same effect as the decision in Harris, because a new judge will reconsider the summary judgment motion.

**VACATED**, along with all other rulings entered below,[4] and the matter is **REMANDED** to the United States District Court for the District of Utah for reconsideration by the judge who has presided since the recusal below, or by whichever judge is assigned to handle the case by the district court on remand. Plaintiffs' pending motion for enlargement and peremptory reversal or summary disposition of this appeal is **DENIED**.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge

---

[4]We agree with the view that "[t]he language of § 455 clearly affords an opportunity for reconsideration of any issue resolved by the disqualified judge." Karen Nelson Moore, Judicial Disqualification Decisions in the Federal Courts, 35 Hast. L.J. 829, 868 n.149 (1984).