**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 21 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL SHEFFIELD,

　　　Plaintiff - Appellant,

v.

BILL LARSEN, individually and in
his official capacity; BRAD BLAIR,
individually and in his official
capacity,

　　　Defendant - Appellees.

No. 96-4131
(D.C. No. 91-NC-49-C)
(District of Utah)

**ORDER AND JUDGMENT** *

Before **HENRY** , **HOLLOWAY** and **LUCERO** , Circuit Judges.

Appellant Paul Sheffield seeks reversal of the district court's order granting

a new trial on the ground that the jury's verdict was clearly contrary to the great

weight of the evidence and declaring a mistrial based on testimony concerning

defendants' insurance coverage.  He also seeks reinstatement of the jury's verdict

in his favor.  For the reasons set forth below, we conclude that this case must be

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

remanded to the United States District Court for the District of Utah for reconsideration of these motions by a different trial judge.

Sheffield filed charges against two police officers pursuant to 42 U.S.C. § 1983 for violating his federal civil rights. Trial commenced on February 27, 1995, and the jury returned a verdict in his favor on March 7, 1995, awarding compensatory damages of $300,000 and punitive damages of $2,000. The defendants moved for a new trial under Fed. R. Civ. P. 59, for a mistrial, and for Judgment as a Matter of Law ("JMOL") under Fed. R. Civ. P. 50. On April 18, 1995, the original trial judge granted the mistrial and new trial but denied JMOL.

The defendants were represented by attorneys from the law firm of Snow, Christensen & Martineau. Between March 2, 1995 and January 25, 1996, the original trial judge was represented in a personal matter by Harold Christensen, an attorney of counsel with that firm. See Clark v. City of Draper, No. 96-4006, 1997 WL 157382, at **1 (10th Cir. April 4, 1997). In January 1996, the judge disclosed this relationship to attorneys for both parties during a telephone conference and gave both sides the opportunity to request a recusal. On February 8, 1996, plaintiff moved for him to recuse himself. That motion was granted, and the case was reassigned to another U.S. district judge.

Subsequently, in an unrelated case, another panel of this court discussed the relationship between the original trial judge and the Snow law firm stemming

-2-

from Christensen's representation. See id. According to plaintiff's counsel, it was only with the issuance of the Clark decision in April 1997 that they became aware that this representation had commenced during the trial of this matter and continued through the argument and consideration of the post-trial motions.[1]

This case confronts us with an unusual posture on appeal. Plaintiff is ostensibly appealing the grant of defendants' motions for a new trial and a mistrial. Yet, an order granting a new trial or a mistrial is interlocutory, and thus neither is appealable as a final decision within the meaning of 28 U.S.C. § 1291. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980) (new trial); 4 Am. Jur. 2d Appellate Review § 186 (1995) (mistrial) (citing Esneault v. Waterman Steamship Corp., 449 F.2d 1296, 1297 (5th Cir. 1971)). In order to facilitate an immediate appeal, the parties entered into the following stipulation, which the district judge on reassignment approved by order, before the case was set for retrial:

> Plaintiff wishes to appeal the trial court's granting of a new trial and mistrial but cannot do so at this time because it is not a final judgment. The parties, therefore, agree as follows:

---

[1] The attorneys from Snow who tried the case assert in affidavits that they were both unaware of the attorney-client relationship between the original trial judge and Christensen until after the post-trial motions had been decided. See Affidavits of Scott Daniels & Jullianne P. Blanch, Supp. App., tabs B & C.

1. This matter shall be dismissed, with prejudice, without the plaintiff in any way waiving his right to appeal the granting of a new trial and a mistrial.

2. The parties agree that once the case is dismissed, the dismissal of the case, along with the granting of a new trial and a mistrial, is an appealable order.

3. The parties agree that if the trial court is affirmed, the decision of the Tenth Circuit Court of Appeals will be final, and in no event will the case be remanded for a retrial.

4. The parties agree that if the trial court's order granting a new trial and mistrial is reversed and the jury verdict reinstated, that decision will also be final.

Stipulation for Dismissal and to Preserve Rights of Appeal, Appellant's App., Tab G, at 2. [2]

Generally, "consent of the parties cannot justify appellate review of an otherwise nonappealable order." Albright v. UNUM Life Ins. Co., 59 F.3d 1089, 1094 (10th Cir. 1995). Here, however, when the court ratified the parties' stipulation by dismissing the action with prejudice, a final order was entered and its appeal is properly before us. See United States v. Procter & Gamble Co., 356 U.S. 677, 681 (1958) (sanctioning jurisdiction where "losing party got the lower court to dismiss the complaint rather than remand for a new trial, so that it could get review") (citing Thomsen v. Cayser, 243 U.S. 66, 83 (1917)); see also Deas v.

---

[2] This stipulation was entered into on July 15, 1996, prior to plaintiff's discovery of the extent of the conflicting representation.

-4-

Paccar, Inc., 775 F.2d 1498, 1503 (11th Cir. 1985) (accepting jurisdiction where district court converted order granting new trial into JNOV at request of litigant to facilitate appeal); National Polymer Prods., Inc. v. Borg-Warner Corp., 660 F.2d 171, 177 (6th Cir. 1981) (same); cf. 15A Charles Alan Wright et al., Federal Practice & Procedure § 3914.8, at 618 & n.9 (2d ed. 1992) ("Even after trial, a plaintiff who has won a jury verdict but who faces a new trial that seems too costly to endure may persuade a trial court to enter a final adverse judgment as a means of testing the new trial order.").

Though the order adopting the parties' stipulation is sufficient to secure appellate jurisdiction because it presents us with a final order, we reject the parties' attempt to dictate the terms and result of our review. See Koch v. United States, 47 F.3d 1015, 1018 (10th Cir. 1995) ("[I]t is well-settled that a court is not bound by stipulations of the parties as to questions of law.") (internal quotations omitted). In terms of its practical impact, the stipulation would have us treat the dismissal below as a grant of JMOL for defendants. Both judges below, however, expressly refused to grant JMOL. In the face of such clear contrary orders, we refuse to construe the order approving the stipulation as such a judgment.

Further, the only decision by a trial court reflecting a review of the record is the original trial judge's order denying defendants' motion for JMOL and

granting the new trial and mistrial. [3] Like the Clark panel, however, we conclude that that judge should have recused himself when the disqualifying circumstances became apparent. See 28 U.S.C. § 455(a) (judge's duty to disqualify arises "in any proceeding in which . . . impartiality might reasonably be questioned"); Clark, 1997 WL 157382, at **1. Here, at the very least, he should have recused himself prior to disposition of the post-trial motions. We echo Clark's agreement "with the view that 'the language of § 455 clearly affords an opportunity for reconsideration of any issue resolved by the disqualified judge.'" Id. at **2 n.4 (quoting Karen Nelson Moore, Judicial Disqualification Decisions in the Federal Courts, 35 Hastings L.J. 829, 868 n.149 (1984)). It does not appear from the record before us that the district judge on reassignment ruled anew on any of the post-trial motions. [4]

---

[3] The record is bereft of any consideration on reassignment regarding the propriety of JMOL, or, indeed, of the merits of any of the other post-trial motions.

[4] Defendants suggest that, because the disqualifying circumstance arose during the trial, if the post-trial orders can be tainted by the appearance of bias, then evidentiary rulings and the verdict should be called into question as well. Defendants did not cross-appeal any trial rulings, however, so we have no cause to consider them. See Hansen v. Director, OWCP, 984 F.2d 364, 367 (10th Cir. 1993) (holding party may not attack lower court's decision with view toward enlarging own rights or lessening rights of adversary absent cross-appeal). We leave considerations of those rulings in the first instance to the trial judge on remand.

Accordingly, because we conclude that the district court is the most appropriate forum for initial consideration of the post-trial motions, and that the original trial judge who considered these motions should have recused himself sua sponte prior to deciding them, we REVERSE the dismissal with prejudice and REMAND to the United States District Court for the District of Utah for reconsideration of the post-trial motions and clarification of the district court's rulings, by the judge who has presided since the recusal below or whichever judge is assigned to handle the case by the district court on remand.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge